In re GERDES.

(District Court, S. D. Ohio, W. D.    January 13, 1900.)

No. 2,650.

1. BANKRUPTCY—CONFLICTING JURISDICTION—STATE AND FEDERAL COURTS.

Where an action for the foreclosure of a mortgage has been brought in a state court of competent jurisdiction, and that court has rendered a decree fixing the liability of the mortgagor and ordering a sale of the property affected, before the filing of the petition in bankruptcy, such court has control of the property for the purposes of sale, and has jurisdiction, exclusive of the court of bankruptcy, to determine and enforce the rights of the mortgagee in and against the property; and the court of bankruptcy will not, at the instance of the trustee in bankruptcy, enjoin or stay the further prosecution of the proceedings in the state court.

2. SAME—INTERVENTION BY TRUSTEE.

In such a case, the title to the property, subject to the decree and order of sale by the state court, vests in the trustee in bankruptcy, and he is a proper party to the suit in the state court; and if any balance remains, after discharging the liens out of the proceeds of the sale, the trustee should apply to the state court to be made a party, and ask to have such balance paid to him.

3. SAME—PETITION FOR INJUNCTION—FILING.

A trustee in bankruptcy presented to the referee in charge of the case a petition for an injunction staying proceedings in a state court on a decree for the foreclosure of a mortgage on property of the bankrupt, but such petition was not filed in the office of the clerk of the court of bankruptcy. Held, that it was not properly before the referee, and should be dismissed.

In Bankruptcy.

On the 19th day of March, 1899, J. K. Pruden brought suit in the court of common pleas of Shelby county, Ohio, against John H. Gerdes, the bankrupt, to foreclose a mortgage on real estate, given by Gerdes to Pruden on the 17th day of November, 1897. The Citizens' Bank of Sidney, Ohio, and the Shelby County Building & Loan Association, who had mortgages upon the same property, were also made defendants. The Citizens' Bank of Sidney made default, but the Shelby County Building & Loan Association filed an answer setting up its mortgage and the amount due thereon, and, without contesting the claim of the plaintiff, prayed that the amount due to it upon its mortgage might be paid out of the proceeds of the sale of the property. On the 15th day of May, 1899, a decree was rendered finding that there was due from Gerdes to Pruden on his mortgage the sum of $900, with $70.80 accrued interest, and ordering the sale of the real estate, and directing that the proceeds of the sale be brought into court for further order. An order of sale was issued and placed in the hands of the sheriff of Shelby county on the 25th day of May, 1899, who, on that day, caused the real estate to be appraised, as required by the laws of the state, and on the 26th day of May, 1899, caused notice to be published, as required by the laws of the state, that said real estate would be sold at public auction at the door of the court house, in said Shelby county, on the 26th day of June, 1899, at 1 o'clock p. m., in pursuance of the order of sale. On the 8th day of June, 1899, Gerdes filed, in this court, a petition to be adjudged a bankrupt, and on the next day filed a motion in the court of common pleas of Shelby county, in the suit in which the real estate was ordered to be sold, giving notice that he had filed a voluntary petition in bankruptcy, and asking a stay of the proceedings for the sale of the real estate.

On the 12th day of June, 1899, Gerdes was adjudged a bankrupt by this court. On the 21st day of June, 1899, the referee served notice upon the clerk of the court of common pleas of Shelby county that Gerdes had been adjudged a bankrupt, and that the case had been referred to him, and that all proceedings in the state court must be suspended until the further order of the bankrupt court. On the 26th day of June, 1899, the sheriff of Shelby county, Ohio, sold the real estate to Pruden for $4,800, and the sale was confirmed by the court, and a deed ordered to be made to the purchaser. On the 3d day of July, 1899, W. H. Pemberton was elected by the creditors of Gerdes the trustee in bankruptcy. On the 13th of July Pemberton, as trustee, filed a motion in the suit in the Shelby common pleas, asking to be made a party, which was overruled, and leave to become a party was refused him. On the 11th day of November, 1899, Pemberton, the trustee, filed with the the referee a petition, entitled an "Amended Petition in Bankruptcy," setting up substantially the facts hereinbefore recited, and praying "that the said sheriff of Shelby county, Ohio, may be enjoined from executing a deed to the said purchaser at the said sale, and that the said clerk of the said court may be enjoined from distributing the proceeds of the said sale, and that all further proceedings in the said court of common pleas of Shelby county, Ohio, shall cease, and that an order shall be granted to this, your relator, to proceed and sell the said premises, and that he distribute the proceeds thereof according to law and the orders of this court, and for such further relief as he may be entitled to, either in law or in equity." To this petition Pruden filed an answer, and to the answer the trustee filed a reply. Thereupon the referee certified to this court, for its opinion and decision, the following question: "Has this court jurisdiction to sell the property of the bankrupt, and make distribution of the proceeds, or has the court of common pleas jurisdiction to close up the sale and distribution?"

J. A. Davy, for bankrupt.

THOMPSON, District Judge. Courts of bankruptcy have jurisdiction to sell all real and personal property belonging to the bankrupt's estate. Bankr. Act, § 70, pars. b, c; General Orders in Bankruptcy 13 (32 C. C. A. xvii., 89 Fed. vii.). If the real estate be incumbered by liens, the liens may be redeemed, or the property sold subject thereto. Forms in Bankruptcy, 43, 44 (32 C. C. A. lxxiii., lxxiv., 89 Fed. xlix., l.). But if the trustee desires to sell the real estate free of liens, without redemption, he must give the lienholders their day in court, because they are entitled to be heard before the property is discharged from their liens and their liens transferred to the fund arising from the sale thereof. The lienholders, unless they surrender their securities and prove their claims, are strangers to the bankruptcy proceedings, and are entitled to have their property rights adjudicated by the courts of the state in the county in which the real estate is situated. Hicks v. Knost (D. C.) 94 Fed. 625.

But in the case at bar the bankrupt court could not order the sale of the real estate in question, because it had already been sold, free of liens, by the state court, and it was no longer the property of the bankrupt or his trustee. Pruden's mortgage was made before the passage of the bankrupt act, and he had brought suit in the state court to foreclose it, and had obtained a decree of sale, and the appraisement had been made and the sale advertised, before the petition in bankruptcy was filed. The state court had jurisdiction of the subject-matter and of the parties, and the control of the property for the purposes of sale, and it is clear under the authorities that it had power to proceed with the sale and the distribution of the proceeds thereof, notwithstanding the commencement, pending the sale, of the proceedings in bankruptcy

against Gerdes. Its jurisdiction was not ousted by the commencement of the proceedings in bankruptcy, and it has exclusive jurisdiction to determine and enforce the rights of Pruden in the property or its proceeds. Railroad Co. v. Gomila, 132 U. S. 478, 10 Sup. Ct. 155, 33 L. Ed. 400; Moran v. Sturges, 154 U. S. 256–265, 14 Sup. Ct. 1019, 38 L. Ed. 981.

When the trustee was appointed, the title to this real estate, subject to the decree and order of sale of the court of common pleas· of Shelby county, vested in him by operation of law, as of the date when Gerdes was adjudged a bankrupt, and the trustee, therefore, was a proper party to the suit in the court of common pleas of Shelby county, as the only one ·entitled to receive the bankrupt's share of the proceeds of the sale, and the action of that court in overruling his application to be made a party must have been inadvertent. If there be any balance remaining of the proceeds of the sale, after discharging the liens, the trustee should renew his application to be made a party, and ask to have such balance paid to him.

The petition for an injunction presented to the referee was never filed in the clerk's office of this court, and therefore was not properly before the referee, and for that reason, and for the further reason that the petition does not make a case entitling the trustee to the relief asked, it is hereby dismissed, and the costs will be paid out of the fund in the hands of the trustee.