TENNESSEE PRODUCER MARBLE CO. v. GRANT et al.

(Circuit Court of Appeals, Third Circuit. February 13, 1905.)

No. 20.

BANKRUPTCY—COURTS—JURISDICTION—ATTACHMENTS—STAY.

Bankr. Act July 1, 1898, c. 541, § 11, cl. a, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426], provides that a suit which is founded on a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition, etc. *Held*, that such section did not give a bankruptcy court jurisdiction to stay a suit by a creditor of the bankrupt in a state court, and to restrain such creditor from proceeding to enforce an attachment lien under the state law, the state court having acquired jurisdiction of the parties and subject-matter, and taken possession of the property prior to the filing of the bankruptcy petition.

Petition for Revision of Proceedings of the District Court of the United States for the Eastern District of Pennsylvania, in Bankruptcy.

R. L. Ashhurst, for petitioner.

Humbert B. Powell, for appellees.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. This is a petition of the Tennessee Marble Company, by which this court is asked to revise in matter of law an order made by the court below in a bankruptcy proceeding against Adolph Grant, trading as Adolph Grant & Co., as follows:

"And now, to wit, the second day of June, A. D. 1904, the foregoing petition having been presented and duly considered (and the proceedings and papers filed in this case in the District Court of the United States for the Eastern District of Pennsylvania having been examined, as the petition does not state all of the facts which should be set forth), it is, on motion of Charles F. Stilz, Esq., and Humbert B. Powell, Esq., attorneys for petitioner, ordered and decreed that the said Tennessee Producer Marble Company, and its attorneys, agents, servants, and employés, be and they are hereby restrained from in any manner further proceeding upon the attachment of the said Tennessee Producer Marble Company, mentioned in the foregoing petition, until the further order of this court, the lien of said attachment, if any, to remain. It is further ordered that notice of this restraining order be served upon the sheriff of Philadelphia county, upon the said Albert A. Reeves, Henry Reeves, Mark B. Reeves, and J. Herbert Schall, copartners trading as Stacy Reeves & Sons."

This order was made upon the petition of the Third National Bank of Philadelphia, styling itself "a creditor of Adolph Grant, trading as Adolph Grant & Co." The petition was filed in the bankruptcy proceeding, and the order was a summary one. There was no plenary suit. The learned judge filed no opinion, and therefore we have not the benefit of a statement by him of the provision of law which, in his judgment, vested in the District Court the jurisdiction it exercised. But counsel have here contended that it was given by section 11, clause a, of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426]), which, they say, "gives bankruptcy courts jurisdiction to stay certain suits

therein specified, and the stay granted in the present instance was by virtue of that section." This position is untenable. That clause provides merely that "a suit which is founded upon a claim from which a discharge would be a release * * * shall be stayed," and this obviously for the purpose of assuring to the court of bankruptcy exclusive authority to adjudicate the claims which, by their orders of discharge, they may release. It does not apply to a suit brought in a state court to enforce an asserted right in rem under the law of such state.

The proceeding which the order in question restrained the marble company from further prosecuting had been instituted in a court of Pennsylvania prior to the filing of the petition in bankruptcy. It was a hostile proceeding, and it attached a fund which the marble company claimed by adverse right. "The state court had jurisdiction over the parties and the subject-matter, and possession of the property; and it is well settled that, where property is in the actual possession of the court, this draws to it the right to decide upon conflicting claims to its ultimate possession and control." Metcalf v. Barker, 187 U. S. 175, 23 Sup. Ct. 67, 47 L. Ed. 122. The state court had acquired jurisdiction of the res, and was fully empowered to pass upon any and all conflicting claims to it. It is not necessary, and might be indecorous, for us to express an opinion upon any question that may occur in the cause, for its determination is solely for that court. Its jurisdiction, and the right of the marble company to prosecute its suit in it, had attached before the bankruptcy proceedings were begun, and could not, in those proceedings, be arrested or taken away. Peck v. Jenness, 48 U. S. 624, 12 L. Ed. 84; Bardes v. Haywarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413; Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122; In re Seebold, 105 Fed. 910, 45 C. C. A. 117.

The restraining order to which this petition for revision relates is vacated and dissolved.