In re KANE et al.

(District Court, E. D. Pennsylvania. April 2, 1907.)

No. 2,416.

BANKRUPTCY—JURISDICTION OF COURT—FUNDS IN HANDS OF STATE COURT.

Where, at the time of the filing of a petition in bankruptcy, an attachment suit was pending in a state court in which a fund claimed by the bankrupts and also by others had been brought under the control of the court by a garnishment, such court is the proper tribunal to determine the rights of the several claimants thereto, and the bankruptcy court is without jurisdiction to make such determination, except by consent of all parties in interest.

In Bankruptcy. On certificate from referee.

David Lavis, for claimant.
James B. Givin, for bankrupts.

J. B. McPHERSON, District Judge. I do not think the referee gave sufficient weight to the attachment proceedings in the common pleas of Philadelphia County. These were begun nearly three months before the petition in bankruptcy was filed, and J. Joseph Murphy was summoned as garnishee. He then held in his hands, and still holds, the sum of $500, to which, either in whole or in part, there are several claimants, including each of the bankrupts. The money has never been in the control of the District Court, and its ownership is a fairly disputable question. Clearly, as it seems to me, the court of common pleas is the proper tribunal to settle this controversy, unless all parties in interest have submitted themselves to the court in bankruptcy. The referee thought that such submission had been made, and therefore decided the case on the merits, and entered an order directing the garnishee to pay over to Mary Murphy the $500 now in his hands. In making this order, I think the referee was in error. It may be that Mary Murphy, Kane, and Sweeney did submit themselves to the jurisdiction of the District Court; but it is plain that the garnishee declined to follow this course, and that he has an individual claim upon part of the fund. He set up the pendency of the attachment proceedings at an early stage of the hearing before the referee, and duly renewed the objection after the referee had made his report, thus preserving his rights and bringing the question before the court for determination.

The Court of Appeals of this circuit has, I think, in effect decided the point in Tennessee, etc., Co. v. Grant, 14 Am. Bankr. R. 288, 135 Fed. 322, 67 C. C. A. 676. It may be that Metcalf v. Barker, 187 U. S. 175, 23 Sup. Ct. 67, 47 L. Ed. 122, cited by the Circuit Court of Appeals, and apparently relied upon, in some degree at least, to support the decision of that court, should be regarded as somewhat more restricted in scope than may be indicated by the opinion in Tennessee, etc., Co. v. Grant. The later case of Clarke v. Larremore, 188 U. S. 488, 23 Sup. Ct. 363, 47 L. Ed. 55, in which Metcalf v. Barker is referred to and distinguished, may in effect have qualified Tennessee, etc., Co. v. Grant to some extent; but I do not think that it is for

this court to pronounce with positiveness upon that question. If the Circuit Court of Appeals thinks that its ruling should be modified, it will no doubt take a fitting occasion to declare its opinion.

If the trustee sees proper to urge his claim against the fund in the common pleas, that court will no doubt permit him to intervene for the protection of the bankrupts' interests, whatever they may be.

The order directing J. Joseph Murphy to pay $500 to Mary Murphy is set aside.

THE CURTIN.

(District Court, E. D. Pennsylvania. March 20, 1907.)

No. 25.

ADMIRALTY—JURISDICTION—ACTION FOR INJURY TO PIER.

Semble, that an action for injury to a pier by a moving vessel is not cognizable in admiralty.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Admiralty, §§ 222–234.]

In Admiralty. On exceptions to libel and petition to amend libel.

John F. Lewis and Francis S. Laws, for libelant.

John A. Toomey, for respondent.

J. B. McPHERSON, District Judge. The amendments prayed for by the petition presented on October 12, 1906, are hereby allowed. As thus amended, the libel seeks to recover damages from the tug and its tow, not only for injury done by collision with the libelant's pier—which projects from the bank of the Delaware river into the navigable waters of the stream—but also for injury done by the same collision to certain barges, also belonging to the libelant, that were lying on the surface of the river alongside the pier. The defendants' principal exception to the unamended libel denied the court's jurisdiction upon the ground that injury to a pier was not cognizable in admiralty (The Plymouth, 3 Wall. [U. S.] 20, 18 L. Ed. 125; The Haxby [D. C.] 94 Fed. 1016; The Haxby [D. C.] No. 2, 95 Fed. 170); but this exception is no longer applicable to the libel as a whole, now that the amendment setting forth the injury to the barges has been allowed.

So far as the damage to the pier is concerned, the libelant's claim to recover in this action is based solely upon the case of The Blackheath, 195 U. S. 361, 25 Sup. Ct. 46, 49 L. Ed. 236, or, to be more accurate, upon certain language used by Mr. Justice Brown in his concurring opinion. In order to prevent the libelant from going to unnecessary labor and expense, it is proper for me to say now that I do not understand The Blackheath to overrule The Plymouth, or to qualify it in any degree. Indeed, the court is at pains to point out that the authority of The Plymouth has not been disturbed. Mr. Justice Holmes, speaking for the court, concludes as follows (page 367 of 195 U. S., page 48 of 25 Sup. Ct. [46 L. Ed. 236]):

"It is unnecessary to determine the relative weight of the different elements of distinction between The Plymouth and the case at bar. It is enough to say that we now are dealing with an injury to a government aid to naviga-