In re McKANE et al.

In re IMPERIAL AMUSEMENT CO.

(District Court, E. D. New York. April, 1907.)

BANKRUPTCY—JUDGMENT AVOIDED BY PROCEEDINGS—ENJOINING SALE—SALE UNDER FORECLOSURE DECREE.

Where foreclosure proceedings were instituted prior to the bankruptcy of the mortgagor on a mortgage given more than four months before, and a receiver was appointed who was in possession of the property at the time of bankruptcy, a sale of the property under the decree in such suit cannot be stayed by the bankruptcy court.

In Bankruptcy. On motion for stay of sale under foreclosure decree.

See 152 Fed. 733; 155 Fed. 674.

Lyman W. Redington, for petitioning creditors.

F. W. Sparks, for mortgagee.

CHATFIELD, District Judge. An additional order to show cause, returnable forthwith, having been obtained in this matter upon further affidavits, from which affidavits it appears that the mortgages under process of foreclosure were given upon a leasehold for a period of five years, therefore being what is known as a "chattel real," and also upon certain personal property, including the building which the mortgagor had the privilege of removing at any time during the lease by a clause inserted in the said lease, and the fixtures and certain furniture contained in the said building, and it appearing that there are certain mirrors, typewriter, chairs, etc., which the mortgagor claims' were not included in the mortgage, and that the said mortgages were recorded and also filed as chattel mortgages in Kings county upon the 26th day of December, 1905, and that the foreclosure suits were instituted in or about July, 1906, and a receiver actually placed in possession—it seems to the court that the sale in foreclosure, in so far as the property of the bankrupt is covered by the foreclosure judgment, cannot be stayed. If any of the personal property was not covered by the mortgage, and therefore has not been directed to be sold, the referee in foreclosure would have no authority over that personal property, and, if a receiver in bankruptcy is appointed, it would pass to him upon qualification.

Inasmuch as the appointment of a receiver has been requested, to that extent the motion will be granted upon the terms indicated in the former opinion; and an order to that effect may be presented.