## In re ROHRER.

### (Circuit Court of Appeals, Sixth Circuit. March 8, 1910.)

### No. 2,030.

BANKRUPTCY (§ 217*)—RESTRAINING PROCEEDINGS IN STATE COURTS—PROCEEDINGS IN REM.

Where a mortgage lien was obtained long prior to a period of four months next preceding the filing of a bankruptcy petition against the mortgagor, and a foreclosure proceeding was instituted in a state court, also prior to the institution of the bankruptcy proceedings, though within the four-months period, the state court, having first acquired complete jurisdiction thereof, was entitled to retain the same; and hence the bankruptcy court had no authority to stay such proceedings, the power of stay conferred by Bankr. Act July 1, 1898, c. 541, § 11a, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3426), with reference to a suit on a claim from which a discharge would be a release, not being applicable to the proceeding in rem involved in the foreclosure.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 340; Dec. Dig. § 217.*

Federal courts restraining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575; Copeland v. Bruning, 63 C. C. A. 437.]

Petition to Review an Order of the District Court of the United States for the Southern District of Ohio, in Bankruptcy.

---

In the matter of the bankruptcy of David Rohrer. On petition to review an order of injunction against Charles F. Hofer, staying for a period of 12 months a sale of North Dakota lands under a foreclosure decree against David and Ada V. Rohrer. Order reversed, and proceeding dismissed.

Ferdinand Jelke, Jr., for petitioner.

Before SEVERENS, WARRINGTON, and KNAPPEN, Circuit Judges.

WARRINGTON, Circuit Judge. This is a petition to revise in matter of law an order of injunction made by the court below against Hofer, staying for a period of 12 months the sale of certain lands, situated in Burleigh county, N. D., under a decree of foreclosure theretofore obtained by him in the district court of that county against David Rohrer and Ada V. Rohrer.

The validity and priority of petitioner's mortgage lien are admitted. All statutory steps having been taken to give to the court jurisdiction both of the lands and the parties (Rev. Codes N. D. [Ed. 1905] §§ 6837, 6843, 6845, 6848), no objection is made in that regard, nor concerning the regularity of the proceedings had in the suit. The mortgage and the notes, secured by it were executed and delivered by David Rohrer and Ada V. Rohrer to Hofer in Montgomery county, Ohio, February 28, 1908, and the notes were payable on demand at the German National Bank of Cincinnati. The mortgage was recorded in Burleigh county May 4, 1908. The foreclosure suit was begun August 31, 1909. Decree in foreclosure, including a personal judgment against Rohrer for any deficiency, was entered October 25, 1909. Special writ of execution was issued November 2, 1909, and the sheriff on the same day began advertisement for sale of the land on December 14, 1909.

On November 5, 1909, an involuntary petition in bankruptcy was filed against Rohrer in the court below, and on the 15th of the month he was adjudged a bankrupt, and a receiver was appointed. On the 29th of the month certain of the creditors filed a motion, supporting it with affidavits, in the court below, for an injunction against Hofer to stay the sale ordered as aforesaid by the Burleigh county district court, notifying Hofer and bringing him into the proceeding. The motion was granted and the injunction issued on December 9th; and on the 17th of the month Hofer filed a motion for rehearing and to set aside and vacate the order of injunction. His motion was overruled on January 4, 1910. Meanwhile, on December 21, 1909, three trustees were chosen and qualified in the bankruptcy proceeding.

The basis of the injunction was in effect one of alleged hardship, excepting a single claim made as to place of performance of the mortgage contract. The mortgage allows unpaid taxes on the land to be discharged by the mortgagee and interest to be recovered thereon, together with interest on the loan after default, at the rate of 12 per cent. per annum, and also allows an attorney's fee in the event of foreclosure. These allowances are admittedly in accord with the statute law of North Dakota; but it is objected that they are not authorized by the laws of Ohio. The remaining complaint is that under the laws

of North Dakota the sheriff is authorized to sell the lands for cash in not less than quarter sections and without appraisement; and it is urged that if the lands were sold in smaller tracts, at private sale, on terms of one-third cash and deferred payments secured by mortgages, a much larger sum could be realized for the creditors and without detriment to the mortgagee.

The mortgage lien of Hofer was obtained long prior to a period of four months next preceding the date of the filing of the petition in bankruptcy against Rohrer; and while the suit was commenced and the decree of foreclosure rendered within that period, neither the mortgage lien nor the judgment lien is denounced by any provision of the bankruptcy statute. Metcalf v. Barker, 187 U. S. 165, 174, 23 Sup. Ct. 67, 47 L. Ed. 122; Hiscock v. Varick Bank of New York, 206 U. S. 28, 41, 27 Sup. Ct. 681, 51 L. Ed. 945. The state court acquired complete jurisdiction and control over the defendants and the property prior to the commencement of the bankruptcy proceeding against Rohrer, and that jurisdiction was not divested by anything done in that proceeding; "the rule being applicable that the court which first obtains rightful jurisdiction over the subject-matter should not be interfered with." Pickens v. Roy, 187 U. S. 177, 180, 23 Sup. Ct. 78, 47 L. Ed. 128; Farmers' Loan Co. v. Lake St. Rd. Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667; Leidigh Carriage Co. v. Stengel, 95 Fed. 637, 645, 37 C. C. A. 210. The trustees of the bankrupt must therefore seek relief in the Burleigh district court. In re Gerdes, 102 Fed. 318, 320; Sample v. Beasley, 158 Fed. 607, 85 C. C. A. 429; In re McKane, 152 Fed. 733; s. c. 158 Fed. 647. Power vested by section 11a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426]) to stay a suit "founded upon a claim from which a discharge would be a release" is not applicable to the proceeding in rem involved in the action to foreclose. Tennessee Marble Producer Co. v. Grant, 135 Fed. 322, 67 C. C. A. 676.

The order of injunction is reversed, and the proceeding in that behalf dismissed, with costs.