## In re SCHMIDT.

(District Court, D. New Jersey.  July 20, 1915.)

BANKRUPTCY  ⬯⇒20 — JURISDICTION OVER PROPERTY — POSSESSION OF STATE
    COURT.
        A sale of property of a bankrupt, proposed to be made by a state of-
    ficer, pursuant to a decree of a state court, entered before the petition in
    bankruptcy was filed, in proceedings to foreclose a valid mortgage, which
    was executed more than four months prior to the adjudication in bank-
    ruptcy, could not be temporarily enjoined by the United States court of
    bankruptcy to permit the trustee to attempt to secure a purchaser and to
    advertise the proposed sale more than the state officer had done, thus to
    realize more for creditors, since the general rule that possession of the
    res vests the court thus acquiring jurisdiction with power to determine
    all controversies relating thereto, and for the time being disables a court
    of co-ordinate jurisdiction from exercising like power, and from inter-
    fering with the former court, is applicable to courts of bankruptcy, and is
    not restricted to cases where property has been actually seized under ju-
    dicial process before the proceedings are instituted in another court, but
    applies also where suits are brought to enforce liens against specific prop-
    erty.                                                 -
        [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23;  Dec. Dig.
    ⬯⇒20.]

In Bankruptcy.  In the matter of Herman H. A. Schmidt, bank-
rupt.  On review of an order of the referee to show cause why a sale
proposed to be made by a sheriff, pursuant to writ òf fieri facias is-
sued out of the Court of Chancery of New Jersey, in a proceeding to
foreclose a valid mortgage covering property of the alleged bank-
rupt, should not be enjoined for a sufficient length of time to enable the
trustee to take steps to secure a purchaser for the property and to ·
extensively advertise the proposed sale.  Order vacated and petition
dismissed.

Jacob L. Newman and Nathan Bilder, both of Newark, N. J., for
the rule.

Robert D. Reynolds and Charles C. Pilgrim, both of Newark, N.
J., opposed.

HAIGHT, District Judge.  The sole question to be decided is wheth-
er a court of bankruptcy has power to temporarily enjoin a sale of
certain property of the bankrupt, proposed to be made by a state of-
ficer pursuant to a decree of a state court entered, before the petition
in bankruptcy was filed, in proceedings to foreclose a valid mortgage;
which was executed more than four months prior to the adjudication
in bankruptcy, when the only reason why the stay is sought is to per-
mit· the trustee to attempt to secure a purchaser and to advertise the
proposed sale more extensively than has been done by the state of-
ficer, and thus possibly realize more for the general creditors. ·

It is well settled that the general rule, that possession of the res
vests the court which has first acquired jurisdiction with power to
hear and determine all controversies relating thereto, and for the time
being disables other courts of co-ordinate jurisdiction from exercising

a like power, and from interfering with the former court, is applicable to courts of bankruptcy. Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122; Pickens v. Roy, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128. Nor is the general rule restricted in its application to cases where property has been actually seized under judicial process before the proceedings are instituted in another court, but it applies as well where suits are brought to enforce liens against specific property. Farmers' Loan, etc., Company v. Lake St. Rd. Co., 177 U. S. 51, 61, 20 Sup. Ct. 564, 44 L. Ed. 667. The reported cases furnish many instances where this rule has been applied under the present Bankruptcy Law, and in which it has been held that the bankruptcy courts' have no power to restrain suits pending in the state courts, at the time of the institution of the bankruptcy proceedings, to enforce liens not invalidated by the bankruptcy act, or to restrain sales to be made pursuant to decrees in such suits. Some of such instances are found in Metcalf v. Barker, supra; Pickens v. Roy, supra; In re Rorer, 177 Fed. 381, 100 C. C. A. 613 (C. C. A. 6th Cir.); Sample v. Beasley, 158 Fed. 607, 85 C. C. A. 429 (C. C. A. 5th Cir.); Tennessee Producer Marble Co. v. Grant, 135 Fed. 322, 67 C. C. A. 676 (C. C. A. 3d Cir.); In re United Wireless Co. (D. C. N. J.) 192 Fed. 238; In re Pennell, (D. C. N. J.) 159 Fed. 500; Frazier v. Southern Loan & Trust Co., 99 Fed. 707, 40 C. C. A. 76 (C. C. A. 4th Cir.). This rule recognizes no exception, such as it is sought to assert in this matter.

It therefore follows that this court is without power to enjoin or stay the proceedings in the state court, even for the limited time sought. The petitioner's remedy is in the state court. The rule to show cause, as well as the temporary restraining order made by the referee, must be vacated, and the petition dismissed.