### DEY v. BRENACK STEVEDORING CO., Inc.

(District Court, E. D. New York. March 1, 1921.)

1. **Creditors' suit ⊜32—Aid by defendant mortgagor not collusion, justifying injunction against foreclosure.**

    That a corporation defendant in a creditors' suit is aiding complainant mortgagee in mortgage foreclosure suit in an attempt to obtain such disposition of its property as to pay all its creditors does not constitute collusion between the mortgagor and mortgagee in an attempt to defraud creditors, so as to authorize a permanent injunction against the foreclosure.

2. **Courts ⊜508(2)—Federal court cannot enjoin foreclosure suit pending in state court.**

    A federal court, which has appointed a receiver in a creditors' suit is without power to enjoin a suit for foreclosure of a mortgage on property of defendant pending in a state court, which acquired prior jurisdiction

---

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

over the property, but may authorize its receiver to apply, to the state court for a stay of sale to permit him to dispose of the property to the better advantage of general creditors.

In Equity. Suit by Elmer E. Dey, Jr., trading as the Dey Lumber Company, against the Brenack Stevedoring Company, Incorporated. On motion by the Home Mortgage Investment Company and another to vacate temporary injunction. Motion sustained.

Graham, McMahon, Buell & Knox, of New York City, for complainant.

Adelma H. Burd, of New York City, for J. Herbert Bate, creditor.

Davenport & Corner, of Brooklyn, N. Y., for Home Mortgage Investment Co.

Joseph P. Shelby, of New York City, for defendant.

GARVIN, District Judge. Complainant, Elmer E. Dey, Jr., brought suit in equity, alleging that he is a creditor of defendant for goods sold and delivered; that defendant is solvent, but owes large sums of money, including a first mortgage for $60,000, which has been foreclosed, and under which the real property of the defendant is about to be sold in an action in the state court at a sacrifice, whereby complainant will be unable to secure payment of the money due him from defendant, and great and irreparable damage will be done to complainant and other creditors of defendant. The complaint alleges the necessary diversity in citizenship of the parties, and that the requisite amount in dispute, exclusive of interest and costs, exceeds $3,000.

The relief asked is the appointment of a receiver or receivers, with the usual powers, the issuance of an injunction restraining the prosecution of all actions or proceedings against defendant or its property, and enjoining all persons from interfering in any way with defendant's property, and the equitable distribution of defendant's property under the direction of the court.

The defendant filed an answer, admitting each and every allegation contained in the bill of complaint, and admitting the urgency and necessity of the appointment of a receiver or receivers. The court appointed a temporary receiver and issued the injunction, directing that all parties appearing in the action show cause, on a day fixed, why the appointment of the receiver should not be made permanent.

The Home Mortgage Investment Company, the mortgagee named in the said mortgage for $60,000, moved to vacate the stay so far as it affected the foreclosure of that mortgage. This motion was made in a prior suit of a similar character, brought by Joseph F. Conway against the defendant, in which receivers were appointed and a like injunction issued. That suit has been abandoned, and by consent of all parties this motion and all proceedings brought to vacate the stay and to set aside the order appointing the receivers are to be considered as having been made in the pending action. J. Herbert Bate, who claims to hold a second mortgage on the said real property of defend-

ant, which is under foreclosure, but the validity of which is disputed, and which is in litigation, has also moved to set aside the order appointing the receivers and to vacate the stay.

The first objection raised is that the defendant is a corporation organized under the laws of the state of New York, and that, while complainant is a citizen of the state of New Jersey, the claim upon which he bases his right to bring action has been assigned to him by a resident of the state of New York. This objection is not now pressed, as it does not apply to the pending action, in which the complainant alleges that he is a citizen of the state of New Jersey, and that his claim is for goods sold and delivered by him to defendant.

[1] It is next claimed that there is collusion between the parties. But it appears from the papers submitted that more than 50 creditors have signed a request, addressed to the court, that the receivership and the stay be continued. Only the creditors who have or claim to have liens on the real estate have suggested that collusion exists. These liens, assuming they are valid, aggregate approximately $102,200. The property involved is assessed by the city of New York at $205,000, and has been recently appraised at $165,000 by a conservative and reliable appraiser. The receiver submits proof that negotiations are now in progress with several prospective buyers, for the sale of defendant's property at a price sufficient to pay all creditors in full. The defendant is aiding the complainant, but that does not indicate any collusive attempt to defraud its creditors. Indeed, it is commendable that a defendant in an action of this character should co-operate with complainant in an endeavor to secure an equitable distribution of its property.

[2] The moving parties insist that the state courts in the foreclosure proceedings have acquired jurisdiction of the property covered by the mortgages. I am entirely satisfied, and with this conclusion the receiver states his concurrence, that this court has no power to issue a permanent injunction against the foreclosure of these mortgages. The right to dispose of property which is the subject-matter of litigation, as between the state and federal courts, was discussed at length in the case of Central District Printing & Telegraph Co. v. Farmers' & Producers' National Bank, etc., 255 Fed. 59, 166 C. C. A. 387. The court is of the opinion that under the authority of the Central District Printing & Telegraph Co. Case, supra, and authorities therein cited, this court is without power to stay the foreclosure of the mortgage. A similar situation in bankruptcy was presented in Re Schmidt (D. C.) 224 Fed. 814. There the court observed, "The petitioner's remedy is in the state court," and I am constrained to hold that in the case at bar the receiver must apply to the state court for relief, and must invoke the equity powers of that tribunal to obtain a temporary stay of the sale, to permit the receiver to negotiate a sale of the property at a fair price, if possible, in order that the general creditors may not suffer. Permission to make such application is hereby granted.

In all other actions pending against the defendant in the state courts, the receiver is hereby given leave to apply to such courts for permis-

sion to intervene. The motions are granted to the extent of vacating the injunctions against the Home Mortgage Investment Company and against J. Herbert Bate.