Sobiloff Brothers *vs*. District Court of the Fourth Judicial District.

JULY 1, 1924.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

VINCENT, J. This is a petition for a writ of error preferred by Abraham Sobiloff and Israel Sobiloff both of Fall River in the Commonwealth of Massachusetts doing business at said Fall River, under the name and style of Sobiloff Brothers, against the District Court of the Fourth Judicial District.

The petitioners represent that on January 20, 1921, J. N. Slaiman of Arctic, Rhode Island executed and delivered to them a mortgage for $1,000 on the stock of goods and fixtures contained in his store in said Arctic and that said amount was paid by them to said Slaiman by a certified check.

That on January 28, 1921, one Norman B. Chebot, of said Fall River, instituted a suit against said Slaiman and on the day following attached his property and placed a keeper in his store.

Later the said Chebot petitioned the court asking that the goods and property attached be sold at public auction, on the premises. On February 4, 1921, an order to that effect was entered and on Tuesday, February 8, the goods and chattels were sold by the deputy sheriff in pursuance of said order. Immediately after the sale the petitioners, as mortgagees, demanded from the officer, the proceeds of the sale amounting to $800, in accordance with the provisions of Section 6, Chapter 301, General Laws 1909. The officer refused to comply with this demand, and after deducting the costs of the suit, deposited the balance of the proceeds of the sale in the registry of said district court.

If we were permitted to stop here, resting upon the facts as already set forth, there could be no question but that it would have been the duty of the district court, upon proper application, to order that the fund in its registry be paid to petitioning mortgagees. But other matters entered in and must be considered.

On February 9, 1921, an involuntary petition in bankruptcy was filed against Slaiman in the United States District Court for the District of Rhode Island but no subpœna or copy of the petition was served on the alleged bankrupt. More than four months later, on October 22, 1921, an order was made for service of subpœna by publication and on March 2, 1922 Slaiman was adjudicated a bankrupt.

On February 9, 1921, the petitioners, as mortgagees, filed in the District Court of the Fourth Judicial District a motion asking that the officer be compelled to pay over to them the proceeds of said sale then in the registry of the court on account of their mortgage and in accordance with law. At the hearing upon this motion, the facts as set forth were not disputed. The receiver in bankruptcy however appeared and made objection on the ground that the matter was only cognizable in the United States Court by reason of the bankruptcy proceedings and therefore the district court was without jurisdiction in the premises.

On August 9, 1921, judgment was entered for the plaintiff in Chebot v. Slaiman for the sum of $59.43, no service upon the bankrupt having been made.

On August 10, 1921, the mortgagees filed another petition in the district court asking for an order directing the clerk of said court to pay the proceeds of the sale to them. Notice of this motion was served on the receiver in bankruptcy.

Passing over various proceedings which followed and which are not essential to our present consideration, we come to April 11, 1924, when the district court denied and dismissed the petition of the mortgagees which action, on the part of said court, is now claimed to have been erroneous.

The question which is presented to us is: Was the district court, in view of the bankruptcy proceedings against Slaiman, deprived of its jurisdiction and powerless to deal with the fund which had been paid into its registry.

It is evident that this fund should not remain forever in the registry of the district court but that it should pass into the hands of some person or persons entitled to receive it. It is claimed by the mortgagees on the one hand and by the trustee in bankruptcy, of Slaiman, upon the other.

It is not disputed that the mortgage is valid and was designed to secure the amount of one thousand dollars, money actually advanced to Slaiman at the time. The mortgage bears date of January 20, 1921, and was duly recorded on the following day in the Records of Personal Property Mortgages in the town of West Warwick. Accompanying the papers in the case is the certified check of Sobiloff Bros. for $1,000, dated January 20, 1921, payable to J. N. Slaiman and endorsed by him. Such check also bears evidence of having been paid by the Fall River Trust Company on whom it was drawn.

As before stated an involuntary petition in bankruptcy was filed against Slaiman February 9, 1921; no service on the bankrupt was made until October 22, 1921, and then by publication, and there was no adjudication of bankruptcy until March 2, 1922.

The writ in the case of Chebot v. Slaiman was served by the attachment of the goods of the defendant on January 29, 1921, and the goods attached were sold, by order of the district court, on February 8, 1921. We do not think that the jurisdiction of the district court was in any way disturbed by the involuntary petition in bankruptcy filed subsequent to the attachment.

It is provided by the Bankrupt Act that: "Liens given or accepted in good faith and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall, to the extent of such present consideration only, not be affected by this act."

*In re Wells*, 114 Fed. Rep. 222 the court said: "all agree that the court, state or federal, which first takes possession of the property, retains the possession and the jurisdiction." *In re Kane et al.* 152 Fed. 587 it was held that: "Where at the time of the filing of a petition in bankruptcy, an attachment suit was pending in a state court, . . . such court is the proper tribunal to determine the rights of the several claimants, thereto and the bankruptcy court is without jurisdiction to make such determination." In *Tube City Milling & Mining Co.* v. *Otterson et al.*, 35 A. B. R. 500, the court said, "where a suit to foreclose a mortgage is begun in a state court before a petition in bankruptcy is filed against the mortgagor, the state court may proceed to a decree of foreclosure and sale, and pay the debt secured by the mortgage from the proceeds of such sale, without interference from the court of bankruptcy", and in *Matter of Pennington & Company*, 35 A. B. R. 832 it was held that, where an involuntary petition in bankruptcy was first filed the court said: "The mere filing of the petition, however, does not give jurisdiction, nor establish facts upon which jurisdiction may depend." Other cases to the same effect might be cited were it necessary to do so.

We think that the action of the District Court of the Fourth Judicial District, denying and dismissing the petition of Sobiloff Brothers was an error of law.

Said decision is reversed and set aside and said court is directed to pay over to the Sobiloff Brothers as mortgagees, the fund now in its registry, being the balance of the proceeds arising from the sale of the property attached in the suit of Norman B. Chebot *v.* John N. Slaiman, numbered in its files, 4254 together with any interest that may have accrued thereon.

The papers in the original case of Chebot *v.* Slaiman are remitted to the District Court of the Fourth Judicial District.

*Charles Z. Alexander*, for petitioners.