15 F.2d 193 (1926)
In re GILLETTE REALTY CO.
CONNABLE
v.
MARXEN.
No. 4935.
Circuit Court of Appeals, Ninth Circuit.
October 25, 1926.
*194 Lucien Gray, of Los Angeles, Cal., for petioner.
Frank P. Doherty, of Los Angeles, Cal., for respondent.
Before GILBERT and RUDKIN, Circuit Judges, and NETERER, District Judge.
RUDKIN, Circuit Judge.
January 10, 1924, Thompson Buchanan and wife mortgaged certain real property in Los Angeles county, Cal., to Arthur W. Connable to secure the payment of a promissory note in the sum of $80,000, executed by the mortgagors on the same date, and payable to the mortgagee. March 6, 1924, the mortgage was recorded, as required by law. April 25, 1925, Buchanan and wife conveyed the mortgaged property to Gillette Realty Company, a corporation. October 21, 1925, the mortgagee instituted proceedings in the superior court of Los Angeles county to foreclose the mortgage. April 7, 1926, an involuntary petition in bankruptcy was filed in the court below against the Gillette Realty Company, the purchaser of the mortgaged property. April 24, 1926, Edward H. Marxen was appointed receiver for the property of the Gillette Realty Company until a trustee could be elected or appointed. July 16, 1926, the receiver petitioned the bankruptcy court for an order restraining the mortgagee, his agents and attorneys, from further proceeding in the foreclosure suit, and on the same day an injunction was granted accompanied by an order requiring the mortgagee, as plaintiff in the foreclosure suit, to appear on July 26th and show cause, if any he had, why the injunction should not be continued in force. The injunction thus granted has ever since been continued in force by orders made from time to time; two of such orders having been made since the submission of the case to this court. The order granting the injunction has been brought here for review by petition for revision, and jurisdiction in the court below to grant the order is the sole question presented for decision.
As will appear from the foregoing statement, the mortgage was executed more than two years before the filing of the involuntary petition, and the foreclosure proceeding was pending in the state court several months before the bankruptcy court acquired jurisdiction. Under these circumstances we think the bankruptcy court was entirely without jurisdiction to restrain the foreclosure of the mortgage in the state court, because the state court had first acquired jurisdiction, and the lien of the mortgage was in nowise affected by the bankruptcy Act (Comp. St. § 9585 et seq.). It was so held by the Circuit Court of Appeals for the Second Circuit (In re Iroquois Utilities, 297 F. 397), by the Circuit Court of Appeals for the Fifth Circuit in Duncan v. Girand, 276 F. 554 (and by the Circuit Court of Appeals for the Sixth Circuit in Re Rohrer, 177 F. 381, 100 C. C. A. 613).
The decisions of the Supreme Court are to the same effect. Eyster v. Gaff, 91 U. S. 521, 23 L. Ed. 403; Metcalf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122; Kline v. Burke Constr. Co., 260 U. S. 226, 229, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077.
The order is reversed.