**In re MARTS.**

District Court, D. New Jersey.
Feb. 24, 1930.

Robert K. Bell, of Ocean City, N. J., for petitioning creditors.

Edmund H. Reeves, of Camden, N. J., for respondent.

AVIS, District Judge.

On January 20, 1930, counsel for certain creditors of the above bankrupt filed a petition requesting an order restraining the sale of certain real property of the bankrupt by the sheriff of the county of Cape May. A rule to show cause was made on January 20, 1930, returnable on February 7, 1930, at Camden, including restraint against the sheriff of Cape May county from making said sale until the further order of the court.

It appears that Hazel Hays Guyer was the owner of a mortgage on real property of bankrupt, situate in Ocean City, Cape May county, New Jersey, which mortgage was dated January 4, 1926, and was executed by the bankrupt and his wife, to George A. Hays, and recorded in the Cape May county clerk's office on January 29, 1926, in Book 246 of Mortgages, page 185 etc., and that on Janu-

ary 4, 1926, the bond and mortgage was assigned by the said George A. Hays to Hazel Hays Guyer. By the terms of the mortgage, the principal secured thereby became due on January 4, 1929, and after the due date, payment was demanded of the bankrupt. Upon failure of the bankrupt to satisfy the mortgage, foreclosure proceedings were commenced in the court of chancery of New Jersey on May 25, 1929, and on September 21, 1929, after final decree, an execution was issued out of the court of chancery directed to the sheriff of the county of Cape May for the sale of the aforesaid real estate. The sheriff advertised the property for sale on December 9, 1929, but the sale was adjourned by sundry adjournments until January 20, 1930.

The involuntary petition in bankruptcy was filed in this court on January 20, 1930, and Marts was adjudicated bankrupt, with his consent, on January 27, 1930.

It appears that the amount due on the execution issued out of the court of chancery is approximately $16,200, and, that in addition thereto, there were unpaid taxes against the property and other liens amounting approximately to $1,300, making a total of $17,500 now standing against the property. Petitioner alleges that the reasonable value of the property is $23,000 to $25,000, and desires an order or preliminary injunction restraining the sheriff from making the sale, so that the trustee, when appointed, may endeavor to procure an amount for the property in excess of the lien, for the benefit of the bankrupt estate.

The plaintiff in the chancery proceedings challenges the jurisdiction of this court to make such an order, alleging that the state court first acquired jurisdiction, and that the real estate is in the custody of the state court.

It is quite clear that under the bankruptcy law the filing of the petition places all of the property of bankrupt in the exclusive control of this court, and with full power and authority to make any and all orders necessary to preserve the assets for the benefit of the bankrupt estate. United States Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 32 S. Ct. 620, 56 L. Ed. 1055.

This authority is subject, however, to the well-established rule of comity of the courts, and "when a suit in a state or a federal court has been, prior to the commencement of bankruptcy proceedings, instituted to enforce a valid lien on the bankrupt's property, which lien is unaffected by the subsequent bankruptcy proceedings, the jurisdiction of such state or federal court is not affected by the

284

bankruptcy proceedings, and such court, having first obtained jurisdiction over the property subject to the lien, may proceed to final judgment and the enforcement of the lien. The jurisdiction of the bankruptcy court does not supersede the jurisdiction of such other court, and the plaintiff in such suit cannot be compelled to seek the enforcement of the lien in the bankruptcy court. Metcalf Bros. v. Barker (N. Y. 1902) 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122." 11 USCA § 11, note 33, p. 70.

The general view seems to be that if the mortgage lien was executed more than four months before the proceedings in bankruptcy, and the state court had jurisdiction prior to filing petition, this court will not interfere by giving injunctive relief. Some cases hold that if the proceedings in the state court were commenced within four months, that this court might restrain the officers of state courts from making sale.

In the present case, the mortgage was executed and delivered on January 4, 1926, more than four years ago; the foreclosure bill filed in May, 1929, and the execution issued September 21, 1929.

I feel that my judgment is controlled by the case of In re Schmidt, decided by Judge Haight, and reported in (D. C.) 224 F. 814, 815. The facts in that case were practically the same as those in the present one, and the court there held that this court was "without power to enjoin or stay the proceedings."

The result is that the petition will be denied; the rule to show cause and the temporary restraint vacated.