**In re GREENLIE–HALLIDAY CO.**

No. 309.

Circuit Court of Appeals, Second Circuit.

April 4, 1932.

Copal Mintz, of New York City, for appellant.

Ralph C. Taylor, of New York City (Clarence B. Plantz, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

More than a year prior to its bankruptcy, Greenlie-Halliday Company had executed a mortgage to Dora Halliday on real estate in the city of New York. This mortgage was promptly recorded on April 3, 1930. On May 5, 1931, the mortgagee commenced an action of foreclosure in the Supreme Court of New York county and on that date served upon the mortgagor a copy of the summons and complaint. Before the mortgagor's appearance or answer was due, it was adjudicated bankrupt upon its voluntary petition filed May 18, 1931. No receiver in bankruptcy was appointed and no trustee was elected until July 9, 1931. In the meantime, Halliday proceeded with her foreclosure action without disclosing to the state court that the mortgagor had been adjudicated bankrupt and without obtaining leave from the bankruptcy court. The mortgagor was defaulted, a foreclosure decree entered, a sale made thereunder, and a deed issued by a judicial officer to the mortgagee as purchaser. Apparently under this deed, or at least at some time after the adjudication in bankruptcy, Halliday took possession of the property, for the trustee's petition prays that she be required to turn over possession although it alleges that the bankrupt was in possession at the date of adjudication.

■■ The trustee's petition sets up the foregoing facts, and others intended to show that the mortgage was invalid under state law. It asserts that the foreclosure proceedings are a cloud upon the trustee's title and asks that they be declared void. It also asks that Halliday deliver to the trustee possession of the property and a deed therefor, that the mortgage be declared void, that the trustee be authorized to sell the property free and clear of the alleged mortgage, and that Halliday be restrained pendente lite from transferring or incumbering the title. She was served with an order to show cause why the petition should not be granted returnable before the referee on August 3, 1931, and she appeared specially to challenge jurisdiction.

■■ It must be admitted that Halliday was asserting bona fide a claim to property held adversely to the trustee. Concededly such a

controversy is usually beyond the summary jurisdiction of a court of bankruptcy. Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897. But the trustee contends that, since the property was in the possession of the bankrupt when the petition in bankruptcy was filed, the case falls within the equally well-established rule permitting summary decision of the controversy in such circumstances. Board of Trade of City of Chicago v. Johnson, 264 U. S. 1, 11, 44 S. Ct. 232, 68 L. Ed. 533. This contention disregards the fact that by the foreclosure suit the state court had already taken constructive possession of the property. Possession of the res vests the court which first acquires jurisdiction with power to hear and determine all controversies relating thereto, and for the time being disables other courts of co-ordinate jurisdiction from exercising a like power. Nor is the rule limited to cases where actual control has been exercised in the first suit before the second is instituted; it extends as well to a suit in which the court may do so in the progress of the litigation. Farmers' Loan & Trust Co. v. Lake St. El. R. Co., 177 U. S. 51, 61, 20 S. Ct. 564, 44 L. Ed. 667; Palmer v. Texas, 212 U. S. 118, 129, 29 S. Ct. 230, 53 L. Ed. 435; Harkin v. Brundage, 276 U. S. 36, 43, 48 S. Ct. 268, 72 L. Ed. 457. The appellant would differentiate these cases because they did not involve a petition in bankruptcy as the later suit. But the principle that one court will not snatch a res from another's mouth is equally applicable to a court of bankruptcy. Straton v. New, 283 U. S. 318, 51 S. Ct. 465, 75 L. Ed. 1060. It is true that there the state court had proceeded to a decree of sale before the defendant filed his voluntary petition in bankruptcy, but, as we read the opinion, it was the beginning of the suit, not the decree, which was the crucial date. The opinion states at page 331 of 283 U. S., 51 S. Ct. 465, 470: "As heretofore noted, there are a few cases which have held that the bankruptcy court may enjoin proceedings, brought prior to the filing of the petition, to enforce valid liens which are more than four months old at the date of bankruptcy; but these cases are contrary to the decisions of this Court and to the great weight of federal authority."

The appellant's arguments are squarely met and answered by Bryan v. Speakman, 53 F.(2d) 463 (C. C. A. 5), which we regard as directly in point and correctly decided. Our own decision of In re Kellogg, 121 F. 333, contains nothing to the contrary, for there the bankruptcy petition preceded the state suit. Where the state suit is first, this court has been in accord with others in forbidding interference by the court of bankruptcy by summary proceedings. In re Iroquois Utilities, 297 F. 397 (C. C. A. 2); In re Rohrer, 177 F. 381 (C. C. A. 6); In re Farrell, 201 F. 338 (C. C. A. 6); In re Gillette Realty Co., 15 F.(2d) 193 (C. C. A. 9); Bryan v. Speakman, supra. See, also, 41 Yale L. J. 445, and cases there cited.

▮ Whether by appropriate proceedings in the foreclosure suit or by plenary action in a competent forum, the trustee may still, despite the foreclosure decree, attack the title of the appellee, we need not now consider.

Order affirmed.