## In re WILLIAM McKINLEY LODGE NO. 840, F. & A. M.

District Court, S. D. New York.

Nov. 9, 1933.

Harold E. Lippincott, of New York City, for trustee.

Newman & Bisco, of New York City (Arthur Donn and Ralph A. Woodend, both of New York City, of counsel), for Branch Securities Corporation.

PATTERSON, District Judge.

Application is made by the trustee in bankruptcy to sell certain furnishings and other personal property located on the bankrupt's premises, the sale to be free and clear of any alleged lien or claim of a receiver appointed by the state court in a suit to foreclose a mortgage.

In 1925 the bankrupt executed a mortgage covering its real estate, "together with all fixtures and articles of personal property now or hereafter attached to or used in connection with the premises." On May 18, 1933, the mortgagee commenced an action to foreclose the mortgage. The summons and complaint were filed in the New York Supreme Court at 1:30 in the afternoon. Later in the afternoon a receiver was appointed, and on the 19th the receiver qualified by filing bond and took possession. An involuntary petition in bankruptcy was filed against the mortgagor on the 18th; the time of filing being 2 o'clock in the afternoon. On the 19th a receiver was appointed in the bankruptcy proceeding.

The trustee contends that the mortgage is invalid as regards the personal property. I am not required to pass upon that question, however, for the reason that the controversy as to the validity of the mortgage should be carried on in the state court. The chronology shows that the suit to foreclose the mortgage was filed prior to the inception of the bankruptcy proceeding; further, that the receiver in foreclosure was appointed before the receiver in bankruptcy. The state

court thus had already taken possession of the property when the jurisdiction of the bankruptcy court was invoked, and such possession vests the state court with power to hear and determine all controversies relative to the property, to the exclusion of other courts. Bryan v. Speakman (C. C. A.) 53 F.(2d) 463; In re Greenlie-Halliday Co. ('C. C. A.) 57 F.(2d) 173. See, also, Harkin v. Brundage, 276 U. S. 36, 43, 48 S. Ct. 268, 72 L. Ed. 457.

The application of the trustee in bankruptcy will accordingly be denied.