### WHITE v. THOMPSON et al.

(Circuit Court of Appeals, Fifth Circuit. January 20, 1903.)

#### No. 1,165.

1. BANKRUPTCY—PRIOR LEVY—INJUNCTION—JURISDICTION.
   Where a levy is made under an execution issued out of a state court prior to the adjudicated bankruptcy of the judgment debtor, the referee cannot issue injunction to restrain such proceedings to enforce the judgment.

2. SAME—EXEMPTION—APPEAL—EQUITABLE ORDER.
   A levy was made under an execution of a state court, prior to the adjudicated bankruptcy of the debtor. Upon being erroneously enjoined by the referee from further proceedings to enforce the judgment, the property was released from levy, and brought into the bankruptcy proceedings, and the creditors in the state court whose claims were not dischargeable in bankruptcy filed their claims before the referee, but declined to waive any rights arising under the judgment, or to recognize the jurisdiction of the bankruptcy court over their claims. The referee denied the debtor his exemption as against the judgment, and the bankruptcy court affirmed the decision. Pending an appeal to the circuit court of appeals, the bankrupt was discharged. *Held*, that the appeal could be best disposed of by dissolving the injunction, reversing the judgment of the bankruptcy court, and remanding the case, with orders to allow the exemption as to all debts discharged by the bankruptcy, thus leaving the state court to determine the exemption as against the judgment.

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Alabama, in Bankruptcy.

¶ 2. Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

On July 3, 1901, the petitioner, Henry K. White, was duly adjudged a bankrupt, and on the same day he filed before the referee a petition reciting as follows: "That one J. L. Thompson, who is scheduled as a creditor of your petitioner and whose debt is provable under the bankrupt act against his estate, did, on the 21st day of June, 1901, cause a writ of execution to issue out of the court of probate, Jefferson county, and did cause the same to be placed in the hands of the sheriff of Jefferson county, with instructions to levy same on all the personal property of petitioner, which petitioner has claimed as exempt, which execution was levied on said 2d day of July," —on which petition the bankrupt prayed that the said J. L. Thompson be required by order of the court to dismiss said execution proceedings, and propound in the bankruptcy court any claim which he may have against the petitioner. On this petition, the referee issued a rule nisi, to which Thompson answered as follows: "That in, to wit, the year 1892, said bankrupt filed his petition in the probate court of Jefferson county, Alabama, praying that letters of administration de bonis non be issued to him out of said court on the estate of Samuel Thompson, deceased, the father of 'said J. L. Thompson. That upon the consideration of said petition by the judge of said probate court the same was granted, and the said H. K. White thereupon made the bond required, and letters of admission de bonis non were accordingly issued to him, and he entered upon the administration of said estate. That during the course of said administration, and within a few months after his said appointment, the said H. K. White, as such administrator de bonis non, received and collected in cash a large sum of money, to wit, about $1,800 or $1,900, as the property of said estate of said Samuel Thompson, deceased. That in the year 1900 the said H. K. White was cited to file his account and vouchers as such administrator de bonis non for final settlement of said estate, and thereupon said final settlement was made. That on March 6, 1900, the date of said final settlement, the said probate court rendered a judgment against said H. K. White as such administrator de bonis non and individually in favor of J. L. Thompson, Miller Thompson, and Wm. Leslie, as administrator of the estate of Mary Thompson, deceased, each separately and severally, for the sum of $153.26½, besides judgment for costs, $40.55. That each of said judgments contained a waiver of exemption clause as to personal property, and as against said judgments no exemption of personal property was allowed. That on April 7, 1900, said J. L. Thompson had an execution issued on the judgment in his favor, and placed the same in the hands of the sheriff of Jefferson county, Alabama. That again, on November 11, 1900, another execution was issued on said judgment, and placed in the hands of the said sheriff. That again, on June 21, 1901, another execution was issued on said judgment in favor of said J. D. Thompson, and on said date the same was placed in the hands of A. W. Burgin, sheriff of Jefferson county, Alabama. That on, to wit, July 1, 1901, prior to the adjudication in this cause, the said execution writ was by said sheriff executed by levying on the personal property of said bankrupt complained of in his said petition. Said J. L. Thompson avers that the judgment against said bankrupt in his favor, upon which said execution was issued, is not such a debt or judgment as can be affected by the bankruptcy act, but comes within the exception of subdivision 4 of section 17 of said bankruptcy act, approved July 1, 1898 [U. S. Comp. St. 1901, p. 3428], and was rendered more than one year prior to the adjudication herein, and that the lien of said execution is not and cannot be affected by the adjudication of said bankrupt. Wherefore said J. L. Thompson prays your honor that the said petition filed July 3d by said bankrupt be not allowed, and that the same be dismissed out of this court, and for such other, further, and general relief as the averments and proof herein may warrant; and will ever pray, and," etc. To this answer the bankrupt, White, filed a lengthy replication, setting forth in detail how it happened that he was in default as an administrator, and certain propositions made by him to Thompson, and the refusal of the same; whereupon the referee, on hearing, enjoined the further proceedings to enforce the judgment in the probate court of Jefferson county, and ordered a dismissal of the same, and directed said Thompson to propound in the bankruptcy court his claim against the

bankrupt. Thereupon J. L. Thompson, Miller Thompson, and William Leslie, administrator of Mary Thompson, deceased, each made proof of their claim, as evidenced by the judgment rendered in the probate court of Jefferson county, but distinctly denied that their claims were dischargeable in bankruptcy, and declined to waive any rights arising under such judgments, or to recognize the jurisdiction of the bankrupt court over such claims. Following proof of these claims the trustee, on petition of the bankrupt, designated and set apart certain movable property of the value of $450 and necessary and proper wearing apparel for the bankrupt and his family, and all family portraits or pictures, as property exempt under the laws of Alabama. To this action of the trustee said J. L. Thompson filed exceptions and objections as follows: "(1) That the said bankrupt is not entitled to claim personal property as exempt to him under the constitution and laws of the state of Alabama as against their said judgments, for the reason that said judgments were rendered on the final settlement of said bankrupt as administrator de bonis non of the estate of Samuel Thompson, deceased, as being their respective distributive shares in the estate of Samuel Thompson, deceased, and is not such a debt as against which a claim of exemption to personal property can be interposed and sustained. (2) That the said bankrupt cannot claim his exemption against their said judgments rendered against him, as said judgments are not based on, nor do they arise by virtue of, any contract made by or with said bankrupt, but were rendered as their distributive shares in the estate of Samuel Thompson, deceased, by the probate court of Jefferson county. (3) That the said decrees or judgments are against said bankrupt as administrator de bonis non of the estate of Samuel Thompson, deceased, and that he had at the time of the rendition of said judgments sufficient assets in his hands with which to pay the same, which he unlawfully withheld or had wasted, and there is no real or personal property of said estate upon which execution can be levied." On these exceptions and objections the referee disallowed the exemptions, and on review in the bankruptcy court the referee's action was affirmed. Thereupon the matter was brought before this court by petition for review. Since the case has been here pending, the bankrupt has prosecuted his application for a discharge, and has been awarded the same in the usual form.

A. Latady, for petitioner.

Felix E. Blackburn, for respondents.

Before PARDEE and SHELBY, Circuit Judges.

PER CURIAM. The injunction issued by the referee restraining proceedings in the probate court of Jefferson county in the disposition of property therein duly levied upon prior to the adjudication in bankruptcy was unwarranted. For the last authoritatively adjudicated case on the subject, see Metcalf Bros. & Co. v. Barker (decided in Sup. Ct. U. S., Dec. 1, 1902) 23 Sup. Ct. 67, 47 L. Ed. ——. However, as the property under execution and levy in the probate court of Jefferson county was released and brought into the bankruptcy, it would seem that therefrom, except as against the bankrupt's creditors whose debts are not dischargeable in bankruptcy, the bankrupt would be entitled to the exemptions allowed by the laws of the state of Alabama. As the case shows that the bankrupt has been discharged from all. debts except such as are by law excepted from the operation of a discharge in bankruptcy, we may well dispose of this petition for review by dissolving the injunction restraining the said J. L. Thompson and his coheirs from further proceeding in the probate court of Jefferson county, Ala., to enforce their claims on the judgment therein rendered reversing the judgment of the bankruptcy court, which denies the exemptions, and remanding the case, with directions to enter a judgment

allowing the exemptions as set aside by the trustee as against all creditors whose debts are discharged by the bankruptcy. This will leave the question of the bankrupt's right of exemption as against the judgment in favor of Thompson et al. to be decided in the probate court of Jefferson county, Ala., where it properly belongs; and it is so ordered. The costs of this court to be paid by the petitioner.