SAMPLE v. BEASLEY et al.

(Circuit Court of Appeals, Fifth Circuit. January 7, 1908.)

No. 1,671.

BANKRUPTCY—PRIOR LEVY—FORECLOSURE DECREE—SALE—INJUNCTION—JURISDICTION.

A court of bankruptcy has no jurisdiction to enjoin the sale of property on judgment rendered in a state court enforcing mortgage liens of date long prior to four months preceding the filing of the petition or adjudication of the mortgagor a bankrupt.

Petition to Superintend and Revise an Order of the District Court of the United States for the Western District of Louisiana.

W. P. Hall, for petitioner.

E. H. Randolph, for respondent.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge. The petitioner filed two suits by ordinary process in the state district court for Caddo Parish, La., against the respondent, J. C. Beasley, a resident of that parish, to enforce two separate mortgages on two separate tracts of land, one mortgage having been given on the 23d day of December, 1904, and the other on the 5th day of December, 1905. The respondent (defendant in the suits in the state court) pleaded to the same various defenses, which were not sustained, and that court rendered its decision in favor of the plaintiff in those suits for the amounts claimed in each case, with recognition of the mortgages sought therein to be foreclosed, and ordered the enforcement of the judgments to be effected on the lands described therein, and that the lands should be sold to pay the judgments. These judgments were rendered, respectively, February 2, 1907, and February 6, 1907, and thereon were promptly issued writs of fieri facias to the proper officer, who duly seized the lands and advertised them for sale in obedience to the writs, designating April 6, 1907, as the day on which the sales would be made. On that day, and before the sales, the respondent Beasley filed a voluntary petition in bankruptcy, and was adjudged a bankrupt, and on the same day, joined by his wife, obtained from the bankrupt court an order temporarily staying the sale and a rule on the sheriff and the petitioner (plaintiff in the state court) to show cause why the sale should not be perpetually stayed. The petitioner answered the rule, setting out the facts as above shown. The court of bankruptcy, after hearing argument, ordered that the rule be made perpetual.

Petitioner asks this court to revise that action on the grounds: (1) That the bankrupt court was without jurisdiction to stay proceedings on judgments rendered in the state court enforcing liens and mortgages of date long prior to four months preceding the petition and adjudication in bankruptcy; (2) that the United States court erred in staying proceedings in the state court for the sale of property after the same had been seized on valid judgments and enforcing liens acquired more than four months prior to bankruptcy and taken in custody and possession of the state court. So far as this record discloses, the respondents do not, in the bankrutpcy court or in this court, seek to contest the validity of the liens claimed and sought to be enforced in and adjudicated by the state court, but submit:

"That the seizure by fieri facias made by the petitioner in the state court was on a claim from which the bankrupt could be discharged, and that under Act July 1, 1898, c. 541, § 11, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426], the bankrupt has a right to apply for a stay of proceedings until the question of his discharge is determined; that the property which the petitioner was proposing to sell in the state court could realize more than enough to pay the seizing creditor, and as the sale, if permitted in the state court, would go without the benefit of appraisement, whereas a sale by trustee in bankruptcy would be under the approval of court, it is probable that a larger sum would be realized from a sale by the trustee than from a sale in the state court, and the general creditors would be beneficiaries of this enhanced price, and therefore it was the duty of the federal court to see that the best results were obtained for the general creditors; that under the circumstances it is within the discretion of the court of bankruptcy to stay proceedings in the state court, and permit the trustee to take charge of the same in lieu of the officers of the state court."

We deem it unnecessary and unprofitable to indulge in any discussion of issues presented by this case as shown by the foregoing statement. These questions have been before us a number of times, and if they are not settled by our previous decisions we think they are settled by the decisions of the Supreme Court, which have been from time to time reviewed by this court in its reported opinions. We cite only Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, Pickens v. Roy, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128, and White v. Thompson, 119 Fed. 868, 56 C. C. A. 398.

The action of the bankruptcy court, which we are asked to superintend and revise, was erroneous, and its order staying the proceedings in the state court should be annulled, at the cost of the respondents; and it is so ordered.