In re WEILAND.

(District Court, N. D. Georgia. April 25, 1912.)

BANKRUPTCY (§ 323*)—PROOF OF MORTGAGE—ATTORNEY'S FEES.

    Under Civ. Code Ga. 1910, § 4252, which gives a mortgagee the right to recover attorney's fees on foreclosure, by previously giving notice of intention to foreclose, stating the term of court, the giving of the notice gives only an inchoate right to recover such fees, which does not become complete until actual foreclosure at the term stated, and where bank-

ruptcy of the mortgagor intervenes, and the mortgage is proved in the bankruptcy court, the fees are not allowable from the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 503, 505, 513; Dec. Dig. § 323.*]

In the matter of R. Weiland, bankrupt. Motion for rehearing on petition to review order of referee. Motion granted, and order affirmed.

Love & Fort, Dismukes & Worsley, and Slade & Swift, all of Columbus, Ga., for trustee.

Hatcher & Hatcher, of Columbus, Ga., for Reid, Whitaker & Co.

NEWMAN, District Judge. This is a motion for a rehearing in a case which was brought here on a petition to review the decision of the referee at Columbus, Ga., in the matter of the allowance of attorney's fees to Reid, Whitaker & Co., who proved a mortgage in the bankruptcy court in the case stated above. The referee declined to allow attorney's fees, and on a hearing had in the District Court at Columbus the attorney's fees were allowed, and the action of the referee, to that extent, reversed.

Some misapprehension evidently existed between counsel at the time of the argument at Columbus causing the absence of counsel opposing the allowance of attorney's fees, and I am satisfied that a rehearing should be granted, and consequently the case is reopened.

Upon further and careful re-examination of the matter, it appears that I was in error in ruling that the attorney's fees could be collected. My view then was that, where a notice is given, under the act of 1900, of intention to foreclose, stating the term of the court at which suit would be brought, and before such suit was brought bankruptcy proceedings intervened, and the mortgagee was compelled to go into the bankruptcy court to prove his claim and collect his debt, the attorney's fees should be allowed. That this view was contrary to the opinion entertained by the courts, both state and federal, seems to me now quite clear. The effect of all the decisions of the Supreme Court of Georgia, and of the Court of Appeals of this state, is that the giving of the notice of intention to sue, stating the term of the court at which suit would be brought, gives the creditor a certain right; but it is an inchoate right, which must be perfected by the bringing of the suit. Notwithstanding the giving of the notice, the debtor has until the return day, and unless suit is brought on the return day, until it is actually brought, to pay. If it is not brought on or before the return day, of course, it would have to be brought to another term, and a new notice would be required. Harris v. Powers, 129 Ga. 74, 87, 58 S. E. 1038, 12 Ann. Cas. 475. The right of the creditor to attorney's fees must be perfected by the bringing of the suit.

I find that the law with reference to the allowance of attorney's fees has been strictly construed in favor of the debtor by the Cir-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cuit Court of Appeals for this circuit, in Re Roche, 101 Fed. 956, 42 C. C. A. 115. In the opinion in that case the court states the rule on this subject as follows:

"Hence the fact that one proceeding may be the equivalent of the other is not sufficient. The fees, to become a charge against the debtor or his property, must mature according to the contract of the parties. It follows that if the attorney's fees in this case became payable only upon the foreclosure of the trust deed by suit in the usual form, as by bill in equity, or, according to the practice in Texas, by petition praying for foreclosure, with all parties claiming adversely before the court, they would not be collectible in a proceeding where the trustee in bankruptcy had sold the property and distributed the proceeds, although the same end might have been attained in securing the payment of the debt of the mortgagee. In other words, although the one proceeding might have been the equivalent of the other, and accomplished the same purpose, still the attorney's fees could only be recoverable upon the happening of the very contingency as to which the parties had contracted. What, then, is the meaning of the stipulation used by these parties in this case? In order to arrive at their intention, the entire instrument should be considered. The deed of trust contains the following stipulation touching the payment of attorney's fees: 'And should such holder elect, or should it become necessary, to foreclose this deed of trust by suit or proceedings in court, then the first party will pay as attorney's fees ten per centum of the amount of the indebtedness secured hereby.'"

Hence the fact that one proceeding may be the equivalent of the other is not sufficient. It will be seen that while one proceeding may be the equivalent of the other (that is, the proof of the debt or mortgage in the bankruptcy court may be, in its effect, the same as the foreclosure in the state court), yet the statute provides that the fee shall be allowed only "upon the happening of the very contingency as to which the parties had contracted" (that is, there must be a suit or foreclosure proceeding in a court of competent jurisdiction to justify the allowance of attorney's fees).

At another place in this opinion in Re Roche it is said:

"We think the attorney's fees would mature and become payable when, and only when, the holder of the indebtedness should elect, or when it should become necessary, to foreclose the deed of trust by bill in equity if in the United States courts, or by petition in the usual and ordinary form if suit were filed in the courts of the state."

"When and only when" the proceeding is instituted such as contemplated by the parties to the contract shall the attorney's fees be allowed.

Counsel for the mortgagee urges that his client's right to have attorney's fees became fixed when he gave the notice of his intention to foreclose, and relies upon the case of Rylee v. Bank of Statham, 7 Ga. App. 489, 500, 67 S. E. 383, 388, and particularly the language of Judge Russell, delivering the opinion of the court, as follows:

"As we construe the act of 1900, the service of the notice by the plaintiff simply clothes him with a right which he otherwise would not possess. In other words, it fixed a right in him by reason of which he may collect attorney's fees in whatever amount may be due him, which otherwise he could not collect."

It is urged that the right of the mortgagee, upon giving the notice, became a fixed right; that is, a complete right. Taking this language

of Judge Russell's in connection with the other decisions of the Court of Appeals and the decisions of the Supreme Court, the right that is acquired could not be more than an inchoate and incomplete right, because, under other decisions of the Court of Appeals and of the Supreme Court of the state, and, indeed, by the terms of the act itself (Hopkins' Code, § 4252), the debtor may pay at any time before suit is brought, notwithstanding the fact that the notice has been given. The purpose of the notice is to give the debtor an opportunity to pay before suit is brought and avoid the burden of the attorney's fees. This right acquired by giving notice is therefore subject to be lost by the payment of the debt before the suit is brought. The intervention of the bankruptcy proceedings, therefore, prevented the right ever becoming complete and effectual.

Argument was heard on the merits of the matter in connection with the motion to reopen the case for a rehearing, and, in view of the opinion I entertain, the motion to reopen the case must be granted, the former order revoked, and an order now entered sustaining the action of the referee, and denying the allowance of attorney's fees.