## BROACH v. MULLIS, Sheriff, et al.

(District Court, S. D. Georgia. December 27, 1915.)

1. BANKRUPTCY �köm217—LIENS—RESTRAINING PROCEEDINGS IN STATE COURTS.
    Where a mortgage and a judgment of a state court foreclosing it were more than four months old before the mortgagor filed his petition in bankruptcy, and the sheriff of the state court had already seized the mortgaged property under the mortgage fi. fa. before the petition was filed, the United States District Court would not enjoin a sale under such fi. fa., though it would have jurisdiction to do so, if necessary.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 323, 330, 340; Dec. Dig. ⊛᎑217.]

2. USURY ⊛᎑129—RIGHTS AND REMEDIES OF TRUSTEE IN BANKRUPTCY.
    Under Code Ga. 1910, § 3428, providing that the plea of usury is personal, but that a creditor has no right to collect usurious interest from an insolvent debtor to the prejudice of other creditors, and section 3304, authorizing any creditor of a mortgagor, after the issuance of a mortgage fi. fa., to contest the validity or fairness of the mortgage lien or debt, the trustee in bankruptcy can set up usury in a mortgage executed by the bankrupt, though reduced to judgment; but this does not invalidate the mortgage, but would only reduce the amount collectible on the fi. fa.

    [Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 384, 385; Dec. Dig. ⊛᎑129.]

3. BANKRUPTCY ⊛᎑217—LIENS—RESTRAINING PROCEEDINGS IN STATE COURTS.
    As, under the statutes of Georgia, a trustee in bankruptcy can, by applying to the state court rendering a judgment foreclosing a mortgage, set up usury in the mortgage and contest the amount due thereon, the fact that the mortgage debt is infected with usury is not sufficient ground for enjoining a sale under process of the state court.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 328–330, 340; Dec. Dig. ⊛᎑217.]

In Equity. Bill by James F. Broach, trustee of B. L. Harrell, bankrupt, against C. N. Mullis, Sheriff, and another, to enjoin a sale of real

estate of the bankrupt, levied under state court process.    Injunction denied.

Warren Grice and Chas. J. Block, both of Macon, Ga., C. W. Griffin, of Eastman, Ga., and Oliver & Oliver, of Savannah, Ga., for complainant.

W. M. Clements, of Eastman, Ga., for respondents.

LAMBDIN, District Judge.   The question here made is quite an important one to the business world.   It appears that on the 18th day of January, 1912, the bankrupt, B. L. Harrell, made a mortgage on his real estate in Dodge county to the Citizens' Banking Company, of Eastman, Ga., in order to secure an indebtedness of something like $3,900, principal; that the mortgage was duly recorded, as provided by the laws of Georgia, and was regularly foreclosed by final judgment in the superior court of Dodge county, Ga., in November, 1914, and that a mortgage fi. fa. was issued a few days thereafter on said judgment for principal, interest, and attorney's fees; that B. L. Harrell filed his voluntary petition in bankruptcy in this court on October 30, 1915, and an order of adjudication was promptly entered, but that about one month before the filing of said petition in bankruptcy the sheriff of Dodge county had levied upon said real estate in order to satisfy said mortgage fi. fa., and is now advertising the property for sale.   The trustee brings this bill to enjoin the sheriff from selling the real estate of the bankrupt so levied on as aforesaid.

[1] 1. The bankruptcy law is not intended to interfere with valid and existing liens which are more than four months old at the time of the filing of the petition in bankruptcy.   The lien in this case is not derived from the judgment of foreclosure, which itself, however, was rendered nearly a year before the filing of said bankruptcy petition, but is derived from the original mortgage, which was given in 1912. It is essential to the stability and integrity of business and commercial transactions that those who lend money shall be secure in their loans, and also shall not be unduly delayed in realizing upon the securities which they hold, and courts of bankruptcy should be slow to needlessly interpose their jurisdiction in such matters.   In the leading case of Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, the Supreme Court of the United States said:

"Where the lien is obtained more than four months prior to the filing of the petition, it is not only not to be deemed to be null and void on adjudication, but its validity is recognized."

The Circuit Court of Appeals of the Fifth Circuit, to which this court owes obedience, has decided the very point here involved in the case of Sample v. Beasley, 20 Am. Bankr. Rep. 164, 158 Fed. 607, 85 C. C. A. 429.   In that case a similar effort was made to stay the sale of real estate of a bankrupt which had been levied upon on a judgment rendered in an action to foreclose certain mortgages made four months before the filing of the petition in bankruptcy—the levy having been made before the petition was filed.   It was contended by the complainant in that case, as it is contended here, that the property would

probably bring more if sold under the supervision of the court of bankruptcy, that there was an equity for the creditors in the property over the amount due on the mortgage, that the interest of the creditors would be best conserved by the bankruptcy court taking charge of the property and selling it, rather than by allowing the sheriff to sell it under the state court process, and that under the circumstances it was within the discretion of the court to stop the sale advertised by the sheriff and allow the trustee in bankruptcy to handle the property. The District Court in that case sustained these contentions, but the Circuit Court of Appeals, upon a petition to superintend and revise, reversed the court below, and held that the sheriff should be allowed to proceed with the sale of the property. The headnote in that case is in the following language:

"A bankruptcy court has not jurisdiction to stay the sale of real estate duly seized under a judgment rendered in an action to foreclose a mortgage, rendered long prior to the four months preceding the petition and adjudication of the mortgagor."

It is probable that this headnote was not formulated by the Court of Appeals, and the court is of the opinion that the statement therein to the effect that the District Court of the United States had no jurisdiction is rather too broad, and that a better statement of the principle involved should have been that the District Court, under the facts in the case, should not enjoin the sheriff from selling the property under the state court process. In other words, I think that this court would have jurisdiction to stop the sale where absolutely necessary under the facts of the particular case in order to protect the rights of the creditors or the trustee, which would otherwise be lost or impaired. It is not a question of jurisdiction, but of discretion and policy in each case under its peculiar facts. See also the case of In re Rohrer, 177 Fed. 381, 100 C. C. A. 613, decided by the Circuit Court of Appeals of the Sixth Circuit, where the subject is fully discussed and many authorities cited; also Neill, Trustee, v. Barbaree, Sheriff, 135 Ga. 771, 70 S. E. 638, Carter v. People's National Bank, 109 Ga. 573, 35 S. E. 61, and Parks, Trustee, v. Baldwin et al., 123 Ga. 869, 51 S. E. 722.

Under the foregoing decisions, inasmuch as the mortgage and the judgment foreclosing same were more than four months old before the bankrupt filed his petition in bankruptcy, and inasmuch as the sheriff of the state court had already seized the property before the petition was filed, this court does not think it should enjoin the sale.

[2] 2. Counsel for the trustee also urge, as an additional reason why this court should enjoin the sale of the property in question and administer same in this court, that the mortgage debt is infected with usury. It is clear that, under the laws of Georgia and the decisions of the Supreme Court of the state, the trustee can set up usury in the mortgage although it has been reduced to judgment; but this would not have the effect of invalidating the mortgage, but would only reduce the amount that can be collected by the plaintiff in the mortgage fi. fa. The trustee cannot set aside the mortgage, but can purge the mortgage debt of usury. Code of Georgia of 1910, § 3428, is in the following language:

"The plea of usury is personal; but a creditor has no right to collect usurious interest from an insolvent debtor to the prejudice of other creditors."

The case of Parker v. Barnesville Savings Bank et al., reported in 107 Ga. 651, 34 S. E. 365, is also in point. The second headnote in that case is as follows:

"If, however, such mortgage debt be infected with usury, and the mortgagor is insolvent, it is the equitable right of the wife, as a creditor of her husband, to compel the mortgagee to purge his claim of the usury charged against their common debtor. To this end the wife may, even after a foreclosure of the mortgage, avail herself of the statutory remedy provided for by section 2769 (now section 3304) of the Civil Code, whereby a creditor is permitted, upon specified terms, 'to contest the validity or fairness of a mortgage lien or debt' prejudicially affecting his interests as such."

[3] The same question is also very fully discussed in the case of Stone v. Georgia Loan & Trust Co., 107 Ga. 524, 33 S. E. 861. The trustee, however, may assert and enforce all his rights in the premises by applying to the state court and filing a rule or other appropriate proceedings therein. If by going into the state court the trustee would have no remedy in the matter, and could not set up the usury which he claims, and thus contest the amount due on the mortgage, this court would not hesitate to enjoin the sale and administer the property. However, it is clear that the trustee can assert all the rights he has in the matter in the state court, and inasmuch as the sheriff of that court has already seized the property, the rule of comity prevailing between the courts, as well as the principles set forth above in this opinion, constrain this court to deny the injunction prayed for. The trustee, however, will be directed to apply to the state court, so that he may receive any surplus derived from the sale of the mortgaged property, and may there also set up any claim of usury which he may think exists.

An order will be entered accordingly.