In re BRINN et al.

In re MASON et al.

(District Court, N. D. Georgia. December 17, 1919.)

1. BANKRUPTCY ⬤⟾9(2), 214—ACT CREATING BANKRUPTCY COURT SUPERSEDES STATE INSOLVENCY LAWS.

As the Bankruptcy Act (Comp. St. §§ 9585–9656) was passed under a specific grant of power in the federal Constitution, it is a part of the supreme law of the land, and the bankruptcy courts established for its administration are necessarily paramount; the act superseding all state insolvency laws, and the power of state courts to enforce liens invalidated by the act ending with bankruptcy.

2. BANKRUPTCY ⬤⟾214—CONCURRENT JURISDICTION OF STATE AND BANKRUPTCY COURTS TO ENFORCE LIENS NOT INVALIDATED BY ACT.

Notwithstanding the paramount character of the Bankruptcy Act (Comp. St. §§ 9585–9656), the state courts remain courts of concurrent jurisdiction for the enforcement of liens not invalidated by the act, and in cases in which proceedings for their enforcement are instituted in the state

courts prior to bankruptcy, the rules of comity between state and federal courts as courts of concurrent jurisdiction remain in full force.

3. BANKRUPTCY ⊚⇒200(4)—ENFORCEMENT OF JUDGMENT RECOVERED MORE THAN FOUR MONTHS BEFORE WILL NOT BE ENJOINED.

Enforcement by execution of a judgment recovered against the bankrupt more than four months before bankruptcy will not be enjoined, even though there be an excess of value in the property sought to be levied on over the amount of the execution.

4. EXECUTION ⊚⇒134—LEVY ON LAND BY ENTRY ON PROCESS WITH NOTICE.

A levy on land in Georgia consists, not in seizure, but in an entry on the process describing the realty seized, with notice to the owner or person in possession.

5. EXECUTION ⊚⇒140—ENTRY OF LEVY ON TELEPHONE SWITCHBOARDS VOID FOR UNCERTAIN DESCRIPTION; "REALTY."

As easements for telephone lines constitute "realty," under Civ. Code Ga. 1910, § 3617, a sheriff's entry of levy of execution, describing the property as switchboards and all wires, lines, etc., is void for uncertainty of description, in so far as it relates to the easements or interests in lands.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Real Property.]

6. EXECUTION ⊚⇒129—MODE OF LEVY ON PERSONALTY.

Under Civ. Code Ga. 1910, § 6057, a levy in case of personalty consists in an actual or constructive seizure, and the officer must do some act for which he could be successfully prosecuted as a trespasser, were it not for the protection afforded him by the writ.

7. EXECUTION ⊚⇒140—RECITAL OF LEVY ON TELEPHONE SWITCHBOARDS NOT A SUFFICIENT SEIZURE OF PERSONAL PROPERTY.

The sheriff's entry of levy of execution, describing the property, which was used for a telephone system, as switchboards, etc., is not a sufficient seizure, under Civ. Code Ga. 1910, § 6057, to amount to a valid levy on personalty.

8. BANKRUPTCY ⊚⇒116—APPOINTMENT OF RECEIVER AND DENIAL OF PETITION OF SHERIFF, WHO HAD LEVIED ON PART OF THE PROPERTY, FOR DELIVERY OF SAME, HELD PROPER.

Where the sheriff's levy of execution on judgments rendered against the bankrupts more than four months before bankruptcy was insufficient, and the sheriff was attempting to sell property other than that subject to a purchase-money lien in favor of one of the judgment creditors, *held* that, as the property subject to the lien was not identified, it was proper for the bankruptcy court to refuse an order for delivery of any property to the sheriff, and instead to allow a receiver appointed to retain possession of all the property, which as a whole constituted a telephone system.

In Bankruptcy. In the matter of the bankruptcy of Mrs. S. E. Brinn and Mrs. S. L. Wheless, doing business as the City Telephone Company, a firm. Petition by W. C. Mason and others to review an order of the referee directing a receiver appointed not to deliver property of the bankrupts to the sheriff, etc. Affirmed.

J. H. & Emmett A. Skelton, of Hartwell, Ga., and Erwin, Erwin & Nix, of Athens, Ga., for the sheriff and Mason.

Wolver M. Smith, of Athens, Ga., for J. H. Nottis.

Alex C. Johnson, of Athens, Ga., for petitioners.

SIBLEY, District Judge. J. A. Norris, Mrs. Rhetta Norris, and C. J. Wheless petitioned for bankruptcy adjudication against Mrs. S. E. Brinn and Mrs. S. L. Wheless on March 31, 1919, and concurrently

sought an injunction against a levy and sale of certain telephone property by J. W. Wansley, sheriff of Franklin county, under judgments in favor of W. C. Mason and W. B. Richardson, averring the judgments to have been obtained within four months, and the lien of them to be void under the Bankruptcy Law; also that the property was worth more than the judgments, and asking a receiver for the estates of the bankrupts.

This petition was referred to the referee, and was answered by the sheriff and the plaintiffs in fi. fa.—they averring that Mason's judgment was for the purchase money of the property levied upon; that its lien was in enforcement of a retention of title thereto, and dated from said retention of title; that the judgment itself had been rendered more than four months prior to the bankruptcy; and that Richardson's judgment had likewise been rendered more than four months. It was claimed that the levy by the sheriff antedated the bankruptcy, and that possession should remain with the sheriff to execute his levy, and a prayer to this effect was made.

Upon the hearing, the referee, having appointed a temporary receiver, who had gone into possession of all the property of the bankrupts, including that claimed to have been levied on, refused an injunction against the sheriff of the state court, but directed his receiver to retain possession of the property. The latter ruling of the referee is now under review, at the instance of the sheriff and plaintiffs in fi. fa. Their answer is not sworn to; the proceedings in the state court do not appear in the record, nor any of the documents relied upon to show the lien of Mason. The only evidence touches the existence of a surplus value above the fi. fas. in the sheriff's hands, and whether or not the sheriff had actually seized the property claimed to have been levied on, to reduce it to his possession, prior to the bankruptcy.

[1, 2] While the decision must rest upon narrow grounds, it will be profitable to state some of the broader principles upon which counsel have differed. The Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544 [Comp. St. §§ 9585–9656]), passed by Congress under a specific grant of power in the Constitution, is, by the Constitution, a part of the supreme law of the land. The courts of bankruptcy, established for its administration, are necessarily paramount in authority. This is recognized by section 265 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1162 [Comp. St. § 1242]), which prohibits federal courts from enjoining state courts, "except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." The state insolvency laws are suspended by the Bankruptcy Law, and the power of the state courts to enforce liens which are invalidated by that law ends with the bankruptcy of the defendant. But the state courts remain courts of concurrent jurisdiction for the enforcement of liens not so invalidated, and in cases in which proceedings for their enforcement are instituted in the state courts prior to bankruptcy, the rules of comity between state and federal courts of concurrent jurisdiction remain of full force. This is established by an unbroken line of decisions of the Supreme Court of the United States (Peck v. Jenness, 7 How. 625, 12 L. Ed. 841; Eyster v. Gaff, 91 U. S. 521, 23 L. Ed. 403;

In re Watts, 190 U. S. 1, 23 Sup. Ct. 718, 47 L. Ed. 933; Farmers Trust Co. v. Lake Street Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667; Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122; Pickens v. Roy, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128; Hebert v. Crawford, 228 U. S. 204, 33 Sup. Ct. 484, 57 L. Ed. 800), and by the Circuit Court of Appeals for the Fifth Circuit (Wilcox v. Sheriff, 105 Fed. 910, 45 C. C. A. 117; Carling v. Seymour Co., 113 Fed. 483, 51 C. C. A. 1; White v. Thompson, 119 Fed. 868, 56 C. C. A. 398; Sample v. Beasley, 158 Fed. 607, 85 C. C. A. 429; Roger v. Levert, 237 Fed. 737, 150 C. C. A. 491). See, also, the well-considered decision of the District Court for the Southern District of Georgia, in Broach v. Mullis, 228 Fed. 551. In such cases the bankruptcy court will not ordinarily interfere by injunction, whether before or after actual levy, though in exceptional cases, such, for instance, as might authorize the interference of a court of equity where bankruptcy had not occurred, the bankruptcy court may properly intervene.

[3] 1. The referee properly refused an injunction, if for no better reason than because the ground on which it was sought, to wit, that the judgments in question had been rendered within four months prior to the petition in bankruptcy, was not in fact true. The conclusion reached by him that there was an excess of value in the property sought to be levied upon over the amount of the fi. fas. in the sheriff's hands would not, by itself, justify an interference by injunction. While this ruling of the referee is not excepted to, it being merely advisory to the court, it is affirmed.

[4-8] 2. The direction to the receiver appointed by the referee to retain possession of the property, which is excepted to as being virtually equivalent to an injunction against sale by the sheriff, was also proper. The telephone system appears to have been a going concern. Had the sheriff levied upon it in its entirety, he could not have operated it, nor authorized its operation. A receiver alone could properly maintain its value by keeping it going, but it is not clear that the sheriff levied upon it in its entirety. On the contrary, the referee's conclusion that he had actually levied on nothing seems to be justified. A levy upon land in Georgia consists, not in seizure, but in an entry upon the process describing the realty seized, with notice to the owner or person in possession. Isam v. Hooks, 46 Ga. 309; Keaton v. Farkas, 136 Ga. 189, 70 S. E. 1110, subheadnote 6.

Evidently from the exhibits in the sheriff's unsworn answer, as well as the necessities of the case, the telephone property included easements over the streets of the towns involved and the land between the towns, with which the poles and telephone wires were connected. These constitute realty in Georgia. Code of 1910, § 3617. The sheriff's entry of levy contains no sufficient description of any such realty, it being in the following words:

"One switchboard located in Lavonia, Ga.; also one switchboard located in Canon, Ga.; also one switchboard located at Carnesville, Ga.; and all wires, lines, instruments, equipments of every kind."

For want of sufficient description this levy was void for uncertainty so far as it relates to land. Bird v. Burgsteiner, 100 Ga. 486, 28 S. E. 219; Walden v. Walden, 128 Ga. 126, 57 S. E. 323.

In the case of personalty, a levy in Georgia consists in an actual or constructive seizure. Code of Georgia 1910, § 6057; Ayers v. State, 3 Ga. App. 305, 59 S. E. 924:

"The mere declaration of an officer of an intent to seize personal property does not constitute a levy. The officer must do some act for which he could be successfully prosecuted as a trespasser, if it were not for the protection afforded him by the writ." Dean v. State, 9 Ga. App. 303, 71 S. E. 597.

The referee correctly found that the sheriff had seized no personal property within the meaning of this rule, and consequently that no valid levy existed with reference thereto. A comparison, moreover, of the property seized by the sheriff with the description of that sold by Mason, given in his bond for title, indicated that the sheriff was attempting to sell other property than that described in the bond. If the sheriff, under the rules of comity, ought not to be interfered with in the enforcement of the lien against the specific property sold, supposing the state court proceedings to amount to such an enforcement, still the other property would not be within the rule (Carling v. Seymour Lumber Co., 113 Fed. 483, 51 C. C. A. 1), and the evidence in this case does not serve to distinguish the property. For lack of sufficient showing as to the nature of the proceedings the sheriff was seeking to enforce, for want of sufficient proof of any valid levy by him, and for want of identification of the property as to which he claims a specific lien existed, the referee correctly refused the prayer of the sheriff that any property be turned over to him.

Whether the sheriff should be permitted now to identify any property to foreclose the lien on which the proceedings in the state court were directed, and to levy upon and sell the same, is not for decision. It would seem, however, considering the nature of the property, the fact that there would be few buyers for it, and they difficult to secure, and that a sheriff's sale, when begun, must be consummated to the highest then bidder, that there is likely to be a sacrifice of the property at a sheriff's sale, and especially if it must be dismembered to separate it into parts which the sheriff may and may not sell. It would be for the best interests of all concerned that the bankrupt court sell it as an entirety; the rights of those interested in the state court proceeding being fully and equitably guarded in the matter of expenses and costs.

Upon the question now for decision, the judgment of the referee is in all respects affirmed.