In re LEDBETTER.

(District Court, N. D. Georgia, E. D.   August 12, 1920.)

No. 728.

1. **Bankruptcy ⊂➞317—Costs incurred in action by creditor before filing of petition only are provable.**

Under Bankruptcy Act, § 63a (3), (5), being Comp. St. § 9647, costs incurred in good faith by a creditor before the filing of the petition, in an action to recover a provable debt, are provable; but costs afterwards incurred in the action are not.

2. **Bankruptcy ⊂➞317—Provable costs may include attorney's fees.**

Under Bankruptcy Act, § 63a (3), being Comp. St. § 9647, providing that costs incurred in an action by a creditor on a provable debt before filing of the petition are provable, attorney's fees provided for by contract and the right to which has become fixed by the bringing of the action, under the state law, before filing of the petition, are provable as a part of the costs.

3. **Time ⊂➞11—Fractions of day regarded, where only one day is involved.**

While fractions of a day are not to be regarded where a period fixed is measured by days, where one day only is involved, and the rights of litigants depend on priority in time of two occurrences on that day, and

the priority can be established, the courts will ascertain and regard the actual priority.

4. Bankruptcy ⟨Key⟩317—Costs incurred by creditor on same day, but "before filing of petition," provable.

The words "before the filing," as used in Bankruptcy Act, § 63(3), being Comp. St. § 9647, authorizing the recovery of taxable costs incurred in good faith by a creditor "before the filing of the petition," mean the very instant of filing, if ascertainable; and costs incurred by a creditor in bringing an action against the bankrupt, which was commenced on the same day the petition was filed, but at an earlier hour, *held* provable,

In Bankruptcy. In the matter of W. F. Ledbetter, bankrupt. On review of order of referee. Modified.

See, also, (D. C.) 263 Fed. 1000.

H. H. Vandler, of Lavonia, Ga., for Bank of Lavonia.

H. M. Holden, of Athens, Ga., for trustee.

S. C. Upson, of Athens, Ga., for bankrupt.

SIBLEY, District Judge. Facts are stipulated as follows: First National Bank of Livonia, holding a note for a debt and interest "and all costs of collection, including 10 per cent. as attorney's fees," secured by a deed to land, gave 10 days' notice in writing of intention to sue at a named term of a named state court, and filed the suit in the forenoon of September 4, 1917. At 5:30 p. m. of same day the defendant filed his voluntary petition in bankruptcy. The bank sought to prove as a secured claim its note for principal, interest, attorney's fees, and court costs incurred in the suit. The question is whether the attorney's fees and court costs are provable.

[1] The court costs are expressly controlled by Bankruptcy Act, § 63(3), (5), being Comp. St. § 9647, declaring debts to be provable when "founded upon a claim for taxable costs incurred in good faith by a creditor before the filing of the petition in action to recover a provable debt," and when "founded upon provable debts reduced to judgments after the filing of the petition and before the consideration of the bankrupt's application for a discharge, less costs incurred and interest accrued after the filing of the petition and up to the entry of such judgments." The note here sued on was a provable debt, and costs which were incurred in good faith before the filing of the petition in bankruptcy are a provable debt against the bankrupt's estate. In re Allen (D. C.) 96 Fed. 512. But if, after the filing of the petition in bankruptcy, the creditor elects to pursue to judgment his remedy in the state court, instead of relying on that afforded by the bankrupt court, costs subsequently arising are not provable and will be disallowed.

[2] The attorney's fees stand upon a similar footing, if indeed they are not included in the very words of the statute. In former times the fees of attorneys and solicitors for services in connection with cases in court were a part of the "taxable costs"; these being regarded as officers of court equally with sheriffs and clerks. Such costs are recognized in the federal courts by R. S. §§ 823, 824 (Comp. St. §§ 1375, 1378). Though in Georgia these fees have not been taxed as costs for a long time (see McDonald v. Napier, 14 Ga. 89, 110) and

the attorney's fees are required at the hands of the opposite party only as a matter of contract, and are for many purposes treated as a principal obligation (see Peeples v. Strickland, 101 Ga. 829, 29 S. E. 22; Evans v. Bank, 147 Ga. 621, 95 S. E. 219), still they are strictly limited by law, and by Park's Code, § 4252, obligations in evidence of debt to pay attorney's fees in addition to interest are void, unless suit is actually brought after 10 days' written notice of intention to sue, and of the term and court to which suit will be brought; payment not having been made on or before the last day for suit to that term. A tender or payment within this time prevents the collection of the fee from the debtor (Browne v. Edwards, 122 Ga. 277, 50 S. E. 110); and the right to pay continues up to the actual filing of the suit on the last day for suit (Harris v. Powers, 129 Ga. 75, 88, 58 S. E. 1038). The collection of the fee also depends on success in the suit. Smith v. Baker, 137 Ga. 298, 72 S. E. 1093. It thus has many of the incidents of an item of costs, and it is not improbable that Congress intended attorney's fees so circumstanced to be dealt with as taxable costs for bankruptcy purposes, as well as those the amount of which is fixed by law as an item of costs. As the right to tax the defendant with attorney's fees is lost by payment or tender before suit, so also it is lost by the filing of a petition in bankruptcy. In re Weiland (D. C.) 197 Fed. 116. It was said in Bank v. Sherman, 101 U. S. 403, 406 (25 L. Ed. 866), of Act of March 2, 1867, c. 176:

"The filing of the petition was a caveat to all the world. It was in effect an attachment and injunction. * * * The bankrupt became, as it were, for many purposes, civiliter mortuus."

And the assertion is repeated of the present act in Mueller v. Nugent, 184 U. S. 1, 14, 21 Sup. Ct. 927, 45 L. Ed. 711. After the filing of the bankruptcy proceeding, no creditor may perfect his inchoate right to put upon the bankrupt an attorney's fee for the filing and conduct of a suit which he must know is unnecessary and will likely be futile. It may even be that under the quoted provision of section 63 good faith must exist when the creditor files his suit before the filing of the bankruptcy petition—that is, he must have a real purpose effectively to assert his debt against the debtor, rather than a purpose, knowing a bankruptcy to be imminent, to impose an unnecessary charge upon the bankrupt estate. No attack upon the good faith of this creditor is made, however, and good faith is to be presumed.

[3] But the contention is that fractions of a day are not regarded in law, and that this petition in bankruptcy is to be treated as filed on the first moment of September 4, 1917, and in consequence neither the attorney's fee nor any of the costs can in legal contemplation have been incurred "before the filing of the petition." It is a general rule that fractions of a day are not to be regarded, and the rule is fully applicable whenever a period is fixed, measured by days, in or after which a thing may or must be done. Section 31 of the Bankruptcy Act (Comp. St. § 9615), declaring that in such a case the first day is excluded and the last to be counted, fairly implies that fractions are to be disregarded. See In re Warner (D. C.) 144 Fed. 987. But where

one day only is involved, and the rights of litigants depend on priority in time of two occurrences on that day, and the priority can be established, the courts will ascertain and regard the actual priority. There is only a presumption that they occurred at the same time. Levy v. Bank, 158 Ill. 88, 42 N. E. 129, 30 L. R. A. 380. In 8 A. & E. Ency. Law (2d Ed.) 744, in stating the exceptions to the rule that fractions of a day are disregarded, a number of older English and American cases are cited under note 1, in which priority in time on the same day was investigated and given effect between bankruptcies and attachments, and attachments and bills of sale. Where the defendant died the day a decree was taken, the priority of the decree was investigated, and the decree upheld, in Ex parte Massie, 131 Ala. 62, 31 South. 438, 56 L. R. A. 671, 90 Am. St. Rep. 20. In Louisville v. Savings Bank, 104 U. S. 469, 26 L. Ed. 775, after reviewing many cases, a unanimous court held:

"When necessary to determine conflicting rights, courts of justice will take cognizance of the fractions of a day."

The validity of bonds voted in aid of a railroad was upheld, though on the same day a constitutional provision was adopted prohibiting such; it being held that the latter became effective only on the closing of the polls at sunset, and it appearing that the bonds were issued that morning. The doctrine was declared settled in Taylor v. Brown, 147 U. S. 645, 13 Sup. Ct. 549, 37 L. Ed. 313. Following these cases, when it appeared that the President signed a tariff act at 4:06 o'clock p. m., it was held that goods imported in the forenoon of that day were not taxable under it. U. S. v. Stoddard (C. C.) 89 Fed. 699, affirmed 91 Fed. 1005, 34 C. C. A. 175, and followed in cases cited in Ellison v. U. S., 142 Fed. 732, 74 C. C. A. 64.

[4] In Leidigh Co. v. Stengel, 95 Fed. 637, 37 C. C. A. 210, the Circuit Court of Appeals of the Sixth Circuit said, through Judge Taft, in the absence of evidence of the exact time of its approval, the Bankruptcy Act was presumed to have been of force the entire day of its approval; but as the question related to the expiration of a four months period thereafter, and not to any question of occurrences on the same day, proof of the hour of approval would not have altered the result. Judge Taft laid stress on the point that fractions of a day were observed to avoid unjust retroaction. That is precisely what would occur in this case if, the creditor having in good faith employed an attorney and filed suit and incurred costs when no bankruptcy had been filed, the subsequent filing of one later in the day should by retroaction impose on him what was a lawful charge against his debtor.

By General Order 2 (89 Fed. iv, 32 C. C. A. vii), the clerk is required to indorse the day and hour of the filing of the petition. This requirement shows that the hour as well as the day of filing was esteemed likely to be of importance, and such importance exists in the application of such words as "before the filing" and "after the filing," in sections 63 and 68 (Comp. St. §§ 9647, 9652). These words do not mean the day before and after that of filing, leaving the day of filing unprovided for, but refer to the very instant of filing, if ascertainable.

The attorney's fees and such costs as were incurred prior to the filing of the petition in bankruptcy are provable. Subsequent costs are not. The referee will correct his order accordingly.