### In re STAMPS.

(District Court, N. D. Georgia. June 14, 1924.)

### No. 2118.

I. Bankruptcy ⊙⟶267—Funds arising from sale of separate lands of bankrupt required to contribute pro rata to payment of tax liens.

Two funds arising from sale of separate lands of bankrupt *held* subject to contribution, pro rata, to the discharge of tax liens, which, under the law of Georgia, are first liens on all the property of bankrupt.

2. Bankruptcy ⊙⟶324—Provision of mortgage for payment of increased interest after default held enforceable.

Provision of a mortgage for payment of increased interest after default on the debt *held* enforceable against the trustee of the mortgagor.

3. Bankruptcy ⊙⟶316(2)—Right to attorney's fees contracted for in mortgage cannot be perfected after bankruptcy of mortgagor.

Under Civ. Code Ga. 1910, § 4252, providing that a contract for attorney's fees in a note is void, but may become valid if notice of suit is given, followed by failure to pay and actual filing of suit, where the property of a mortgagor passes into possession of a bankruptcy court, the lien thereon cannot be increased by a subsequent notice and suit to bring into effect a contract for attorney's fees.

4. Bankruptcy ⊙⟶101—Possession of property by bankruptcy court excludes power of any other court to deal with it.

The actual possession by a bankruptcy court of property of a bankrupt displaces the power of any other court to deal with it, except by its consent.

5. Bankruptcy ⊙⟶267—Jurisdiction of court extends to secured claims and the property on which they are secured.

The jurisdiction of a bankruptcy court extends to the payment of secured as well as unsecured claims, and the fact that the proceeds of mortgaged property are no more than sufficient to pay the mortgages in no way detracts from the jurisdiction of the court to administer the property and its proceeds.

In Bankruptcy. In the matter of O. L. Stamps, bankrupt, on review of order of referee. Affirmed.

Willingham, Wright & Covington and Denny & Wright, all of Rome, Ga., for trustee and Penn Mut. Life Ins. Co.

Paul H. Doyal, of Rome, Ga., for Citizens'-Floyd Bank & Trust Co.

SIBLEY, District Judge. The bankrupt was in possession of land on which he had given a security deed to the Penn Mutual Life Insurance Company to secure a debt of $6,000, with interest and 10 per cent. attorney's fees. A second lien on this land was held by Floyd County Bank for a debt of $10,000. The Floyd County Bank debt was also secured by other lands. On August 22, 1923, an involuntary petition in bankruptcy was filed, and adjudication had on September 10, 1923. A trustee was elected on October 6th, and took possession of the bank-

rupt's real estate. On December 28, 1923, the insurance company, disregarding the bankruptcy, declared its debt in default because of nonpayment of taxes, gave a notice of intention to sue, as required by Georgia statute, in order to collect attorney's fees, and on February 15, 1924, filed a suit in the city court of Floyd county for the purpose of enforcing its debt against the land securing it. On February 15, 1924, the trustee in bankruptcy, representing to the court that the lands were incumbered to their full value, applied for leave to disclaim them as burdensome. A hearing was set upon the application for February 26th. A creditor then objected that there was a valuable equity in the lands and insisted upon a sale. The trustee thereupon applied for leave to sell free of liens, and was ordered to serve the Penn Mutual Life Insurance Company and Floyd County Bank, and one Denny, who was transferree of certain tax fi. fa.'s, that they might show cause against the sale.

The Penn Mutual Insurance Company answered, setting up their lien of $6,000, with interest and 10 per cent. attorney's fees, and stating that it was willing that the property be sold free of liens, provided the court, by order, should require the trustee not to sell unless for an amount "sufficient to satisfy their debt in full, principal, interest, attorney's fees, and court costs, and that the trustee shall not accept or receive any bid for a lesser amount than is necessary to pay their debt in full." An order was granted for the sale in language following the consent quoted. No bid being received, the order was modified in unimportant respects, and a sale had, at which an amount was bid sufficient to satisfy the lien claimed by the insurance company and that of Floyd County Bank also, if the claim for attorney's fees be not allowed. Floyd County Bank attacks the allowance of the attorney's fees, and the referee, on a hearing, disallowed them, and ordered the lien of the taxes to be prorated between the funds arising from the sale of the land included in the insurance company's deed and that not so included. Exception is taken to these rulings.

[1] 1. The transferred tax liens, under the Georgia law, remain a first charge against all the property of the bankrupt. The two funds arising from the sales of separate lands are equally liable thereto. They should in equity contribute in proportion to their amount to the discharge of this common burden. The proceeds of the sale of the land incumbered by the lien of the insurance company, after discharging its pro rata of the taxes, is subject to the claim of the insurance company until it be satisfied in full. Any surplus remaining will be paid to the Floyd County Bank. The other fund, after discharging its pro rata of the tax lien, will go to the Floyd County Bank, until it is satisfied.

[2] 2. The allowance of increased interest after default on the debt of the insurance company is in accordance with the absolute provisions of the contract, and is affirmed as correct.

[3] 3. The main contention is over the allowance of the $600 as attorney's fees. The contract between the bankrupt and the insurance company expressly refers to the Georgia homestead law, was made in Georgia, and deals with Georgia lands. Although the debt is made pay-

able in Pennsylvania, the contract is a Georgia contract. By the statutes of Georgia (Code 1910, § 4252) it is provided:

"Obligations to pay attorney's fees upon any note or other * * * indebtedness, in addition to the rate of interest specified therein, are void, and no court shall enforce such agreement to pay attorney's fees, unless the debtor shall fail to pay such debt on or before the return day of the court to which suit is brought for the collection of the same: Provided, the holder of the obligation sued upon, his agent, or attorney notifies the defendant in writing, ten days before suit is brought, of his intention to bring suit, and also the term of the court to which suit will be brought."

It will be seen that the promise to pay attorney's fees is originally void, and acquires validity only by the giving of the written notice ten days before suit of the intention to sue, followed by a failure to pay on the part of the debtor, and the actual filing of the suit by the creditor. At the time this bankruptcy occurred the insurance company had no valid promise for the attorney's fees. The property passed into the actual possession of the bankruptcy court. No other court, so long as the bankruptcy court retained its custody and control of the property, had jurisdiction or authority to deal with it, or enforce any lien against it, without the express authority of the bankruptcy court. It was held (In re Weiland [D. C.] 197 Fed. 116) that, even if notice had been given, if a bankruptcy intervened before the suit was filed, the attorney's fees could not be allowed in the bankruptcy court; the administration by that court not being capable of substitution for the filing of the suit required by the Georgia statute. In Re Ledbetter (D. C.) 267 Fed. 893, the status of a claim for attorney's fees upon the occurrence of bankruptcy was again examined, and it was there held that, when suit was actually filed before the bankruptcy, the right to attorney's fees became fixed as a part of the principal debt, and could be proved in bankruptcy. These two cases mark the actual filing of suit in the state court before the bankruptcy occurs as the determining fact. In Re Hotel Equipment Company it was again squarely held that, after bankruptcy occurred, the amount of a lien against the estate could not be increased by filing a suit in the state court and perfecting the right to claim attorney's fees thereby. These views are considered sound, and it is again held that, in an administration in bankruptcy, the right to collect attorney's fees cannot be perfected after the occurrence of the bankruptcy.

[4] It is immaterial that instead of seeking to prove a secured claim in the bankruptcy court, the lienor sought to proceed in the state court. The actual possession by the bankruptcy court of the property involved effectually displaces the power of all other courts to deal with it. Edward Murphy, 2d, v. John Hofman Co., 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. 327. It is true that, if the bankruptcy court relinquishes control of the property, or expressly consents to another court's proceeding, the state court remains a court of concurrent jurisdiction for the enforcement of liens. In re Brinn (D. C.) 262 Fed. 527; McCall v. Herring, 116 Ga. 235, 42 S. E. 468. As held in the latter case, it may be that in such circumstances a suit in the state court would result in perfecting the claim for attorney's fees. This, however, is not the case at bar. Although the trustee initiated proceedings to dis-

claim the property and release the control of the bankruptcy court over it, this was not in fact allowed by the court, but, on the contrary, he was directed to sell and administer it.

[5] 4. The contention is made that, though this be the general rule, yet in this case general creditors are not interested, as appears from the result of the sale, and that the second lienor, who alone is interested, consented to the attorney's fees being paid from the proceeds of sale. As to the first point, the jurisdiction of the bankruptcy court extends as much to the payment of secured claims as of unsecured ones. Express provision is made looking to the proof and payment of secured claims, and express authority is given for calling in the persons interested in property, in order that it may be administered. That it brought only enough to pay these claims in no way detracts from the jurisdiction of the court to administer the property and its proceeds. Touching an agreement between the parties, it is doubtful whether the Floyd County Bank agreed to anything. The evidence is in conflict concerning that, and if an agreement was made it was evidently that proposed in the answer of the insurance company, and stated in the order of the referee, to the effect that no bid should be accepted which was not enough to cover the entire amount claimed by the insurance company. There was no agreement to pay any amount, but only one that enough money should be raised to pay it, if the court should so adjudge. This has been carried out, for the fund is sufficient.

I agree, however, with the referee, that the attorney's fees are not collectible. The referee's judgment is in all respects affirmed.